## Soullier *et al. versus* Kern.

1. Soullier owned a lot in Philadelphia, and died there in 1821, leaving heirs residing in France:—they had agents in Philadelphia who leased the lot: the city filed a claim for paving, under which the lot was sold in 1864. At the time of the sale one of the heirs was a minor, the others were of age. *Held*, that under the saving of minors' rights, in the Act of April 16th 1840, the interest of the minor was not divested, but that the interests of the others were, although it was a proceeding *in rem*.

2. The statute preventing a sale of a minor's property for two years after he comes of age, does not by implication forbid the sale of the interest of his adult co-tenants.

3. *It seems* that the court, on the application of the adult co-tenant, and payment of his proportion of the claim, would enjoin the sale, leaving the residue a charge on the minor's interest.

4. The claim was filed against the occupier as "owner or reputed owner or whoever may be owner;" a scire facias was issued and judgment taken by default: this was conclusive that the paving had been authorized by the city; the judgment could not be collaterally impeached.

5. Evidence was inadmissible to show that neither the agent of the heirs nor the tenant had notice of the paving, nor its having been done nor of the claim on that account.

6. The jury, by instruction of the court, found for the defendant generally; the judgment as to the minor was reversed, and affirmed as to the other plaintiffs.

January 11th 1871.   Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.   SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 296, to January Term 1870.

This was an action of ejectment, brought January 4th 1868, by Henri Edmund Soullier and nine others, heirs at law of Jean Marie Soullier, deceased, against William H. Kern, for a lot of land on Race street, Philadelphia. Jean M. Soullier became the owner of the premises in 1809, and died in 1821. After his death F. A. Raybold, Esq., as the agent for his heirs, who resided in France, leased the premises. Upon Mr. Raybold's death W. E. Whitman, Esq., became the agent, and on the 26th of December leased to W. B. Wolfe and S. P. Willbank; these lessees put

[Soullier v. Kern.]

Patrick Kereven into possession of the lot as their tenant. On the 13th of October 1860, the city of Philadelphia filed a claim in the Court of Common Pleas of Philadelphia for $10.44, for paving, against the lot, in the name of " Patrick Curvan, owner, or reputed owner, or whoever may be owner." On the 14th of February 1863, a *scire facias* was issued on the claim; to this writ the sheriff returned " Made known by posting and publishing *sec. leg.*" On the 30th of May judgment was entered for the city for want of an affidavit of defence for $12.32. On the 4th of January 1864, the premises were sold by the sheriff under this judgment to the defendant for $400, and the sheriff's deed to him acknowledged June 4th 1864. None of the decedent's heirs ever resided in the United States. On the trial, January 10th 1870, before Hare, P. J., the plaintiff gave evidence of the title in J. M. Soullier, and of his death, as above stated; that plaintiffs were his heirs at law; that Henri Edmund Soullier, one of them, had been born September 17th 1843; and rested.

The defendant having given in evidence the proceedings under which the lot had been sold, the plaintiff in rebuttal offered to prove that Mr. Whitman, as agent for the heirs, had never received notice of the paving or of the filing of the claim for it; that Kereven, the tenant, did not know of paving done or to be done to the lot: also what price the defendant paid for the premises at sheriff's sale and what negotiations had been had with him to redeem the premises. The offers were rejected by the court and several bills of exception sealed.

The plaintiffs requested the court to charge the jury:—

1. That if from the evidence they find that one of the joint owners of the premises for which this action is brought, was at the time of the sheriff's sale a minor, then the sale was invalid and passed no title to the purchaser, the defendant, and the plaintiffs are entitled to recover.

2. That unless they find from the evidence that the paving, for which the claim was filed against the premises, was authorized by the city of Philadelphia, in pursuance of the power delegated by Act of Assembly, the claim was void, and the sale under it passed no title to the defendant, and the plaintiffs are entitled to recover.

The court refused the points and charged the jury " to find for the defendant."

The verdict was for the defendant.

The plaintiffs took out a writ of error and assigned for error:

1 and 2. The refusal of the points.

3, 4 and 5. The rejection of their offers of evidence.

6. Instructing the jury to find for the defendant.

The Act of April 16th 1840, section 10, Pamph. L. 413, Purd. 751, pl. 25, under which the sale was made, has this proviso : " Provided, that no property owned by minors shall be sold under the

19 P. F. Smith—2

[Soullier *v.* Kern.]

provisions of this Act, until the expiration of two years from the time the said minor shall become of age."

*J. Parsons*, for plaintiffs in error.—The effect of a proviso is to declare that the authority shall not be exercised, unless in the case provided : Voorhees *v.* Bank U. S., 10 Pet. 449. A limitation by a proviso is a denial of authority : Com'rs Kensington *v.* Keith, 2 Barr 218 ; Wayman *v.* Southard, 10 Wheat. 30 ; Sheppard's Touch. 122 ; Sedgwick's Statutory and Constitutional Law 62. ·

Under a judgment and execution *in rem* the property itself is sold ; the specific thing, with all the rights which the ownership of it involves, is transferred in its integrity : Salter *v.* Reed, 3 Harris 264 ; Van Billiard *v.* Nace, 1 Grant 233 ; Lex *v.* Holmes, 4 Phila. 10 ; Northern Liberties *v.* Coates's Heirs, 3 Harris 245 ; 3 Austin's Jurisprudence 189.   The sentence of a competent court, proceeding *in rem*, is conclusive with respect to the thing itself, and operates as an absolute change of the property : Williams *v.* Armroyd, 7 Cranch 432 ; Gelston *v.* Hoyt, 3 Wheaton, 312-22 ; Imrie *v.* Castrique, 8 Jno. Scott, N. S. (98 E. C. L.) 405. The land is the party bound by the judgment, and all claimants are privies : Delaney *v.* Gault, 6 Casey 63.   The remedy under the Act of 1840 and its supplements is like that of mechanics and material-men : City of Philadelphia *v.* Sutter, 6 Casey 53.   Sergeant on Mechanics' Lien 200 ; Spackman *v.* Caldwell, 3 Phila. 375 ; Holden *v.* Winslow, 7 Harris 449 ; Hershey *v.* Schenk, 8 P. F. Smith 382 ; Anshutz *v.* McClelland, 5 Watts 487 ; Lex *v.* Holmes, 4 Phila. 10, 1860 ; Hartman *v.* Ogborn, 4 P. F. Smith 120 ; Brunner's Appeal, 11 Wright 67.

The want of authority to sell invalidates a sheriff's sale : St. Bartholomew's Church *v.* Wood, 11 P. F. Smith 961 ; Cadmus *v.* Jackson, 2 Id. 295 ; Kensington *v.* Keith, 2 Barr 218.

No ordinance directed the pavement to be laid, and unless the city exercises the authority delegated to it by the legislature, the statute never comes into operation, and no rights can be acquired under it : City *v.* Lea, 5 Phila. 77 ; Harrison *v.* City, 3 Id. 138 ; City *v.* Reilly, 10 P. F. Smith 467.

*W. H. Gilpin* and *C. Gilpin*, for defendant in error.—The minor has his day in court, under the proviso, after judgment and before sale.   If his claim be not made before sale, the sale is good and passes title to the purchaser as well against minors as adults.   An exemption or privilege under the law must be claimed at the proper time ; omission to do so allows the general provisions of the law to take their course with the same force and effect as if there were no exemption or privilege : Hartman *v.* Ogborn, 4 P. F. Smith 120.

[Soullier v. Kern.]

But if the exemption availed for the property of the minor it could not enure to the adult co-plaintiffs: Mobley v. Bruner, 9 P. F. Smith 481.

The city having the authority to do the work and to enter a lien for the same, and a judgment by sci. fa. having been entered according to law, everybody was concluded as to things necessary to be done to secure the lien and judgment: Murray's Heirs v. City of Erie, 9 P. F. Smith 223 ; Voorhees v. Bank United States, 10 Peters S. C. Rep. 449.

The opinion of the court was delivered, October 9th 1871, by WILLIAMS, J.—There was no error in refusing to charge, as requested in the plaintiffs' first point, that if one of the joint owners of the premises, for which this action was brought, was at the time of the sheriff's sale a minor, then the sale was invalid, and passed no title to the purchaser, and the plaintiffs are entitled to recover. It is true that the judgment on which the sale was made was a judgment *in rem*. But it does not follow that if the sale did not divest the title of the minor, that it did not pass the title of his co-tenants who were *sui juris*. It would have divested the title of all the owners, whether adults or minors, if it were not for the proviso in the Act of April 16th 1840, § 10, Pamph. L. 413, which declares " that no property owned by minors shall be sold under the provisions of this act, until the expiration of two years from the time the said minor shall come of age." The argument that because the judgment is *in rem* nothing but the whole property bound by it could be sold, and as the minor's interest therein could not be sold under the provisions of the act, therefore the interest of the adult owners could not be sold, is more specious than sound. If the proceeding is *in rem* it is wholly statutory and may be moulded and changed by the legislature at their will, and there is nothing in the provision, forbidding the sale of the property of a minor " until the expiration of two years from the time he shall come of age," which forbids, by implication, the sale of the undivided interest of an adult owner in the property bound by the lien. The object of the legislature in passing the act, was to protect the estates of minors, and to prevent their sacrifice at judicial sales—not to hinder and embarrass the city in the collection of its municipal claims against the property of adult owners. There is no more reason for exempting from sale during the minority of one of the co-tenants, the interest of an adult co-tenant, than there would be in exempting for the same period the property of such adult if he were the sole tenant or owner; nor would any injustice necessarily be done by allowing the sale of the adult owner's interest · before any sale could be made of the minor's interest under the provisions of the act. As the act forbids the sale of the minor's interest, the court would doubtless, on the applica-

[Soullier *v.* Kern.]

tion of the adult co-tenant, enjoin the sale on the payment of his proportion of the lien or claim, leaving the residue a charge upon the minor's interest and to be paid out of it. But whether so or not, there is nothing in the language of the proviso in question which countenances the doctrine contended for by the learned counsel of the plaintiffs, that there can be no sale of any interest in the property bound by the lien, so long as the sale of the minor's interest is forbidden. The court below was therefore right in refusing to charge as requested in the plaintiffs' first point.

Nor was there any error in declining to charge as requested in the plaintiffs' second point. If the Court of Common Pleas had jurisdiction of the claim on which the sale was made, as it unquestionably had, under the express provisions of the Paving Act, then the judgment, until reversed or set aside, is conclusive that the paving for which the claim was filed, was authorized by the city of Philadelphia; and the judgment, if irregular or erroneous, cannot be collaterally questioned or impeached. The court, therefore, rightly refused to submit to the jury the question whether the paving for which the claim was filed was authorized by the city.

The third, fourth and fifth assignments were not pressed on the hearing, and it needs no argument to show that the offers of evidence embraced in them were properly rejected. If the facts offered to be shown were true, they would be of no avail to the plaintiffs in this action.

But there was error in instructing the jury to find a verdict for the defendant. There was evidence tending to show that Henri Edmond Soullier, one of the plaintiffs, was a minor at the time of the sale; and if so, under the provisions of the act we have been considering, his interest was not divested by the sale; and the court should have submitted the case to the jury, with the instruction that if they found that he was a minor at the time of the sale, then the sale as it respects his interest was void, and he was entitled to recover. For this error the judgment as to him must be reversed.

> Judgment reversed as to Henri Edmond Soullier and a *venire facias de novo* awarded; and as to the other plaintiffs in error named in the record the judgment is affirmed.