## Wistar *versus* The City of Philadelphia.

1. A municipal claim filed against the "heirs of R. W., deceased, owners or reputed owners, or whoever may be the owner," and describing the real estate against which it is claimed as a lien, is a sufficient designation of the ownership of the premises.

2. In a scire facias sur municipal claim the sheriff made return, "made known by posting a true and certified copy of the within writ on the premises herein described, December 5th 1874, and by advertising the same twice a week for two weeks in the *Evening Bulletin*, a daily paper published in the city, agreeably to the Act of Assembly in such case made and provided, and *nihil habet* as to the defendants." *Held*, that this return was fatally defective, first, because it does not show that a true and attested copy of the writ was posted on a *conspicuous* part of the premises *for two weeks before the return day*, and, secondly, does not show publication, as required, in a daily paper for two weeks before the return-day.

February 5th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of January Term 1875, No. 162.

Scire facias sur municipal claim, filed by the City of Philadel-

[Wistar v. City of Philadelphia.]

phia to the use of George W. Mooney, to the use of William Armstrong, against a certain property in Stiles street, in said city, for work done on a sewer in front thereof, and against the " heirs of Richard Wistar, deceased, owners or reputed owners, or whoever may be owner." The facts stated in the opinion of this court, and the following specifications of error, which were assigned by Wistar to a judgment entered by the court in behalf of the city for want of an affidavit of defence, sufficiently illustrate the case. The assignments of error were :—

1. The court erred in giving judgment for want of an affidavit of defence in a writ of scire facias, issued upon a claim filed against " the heirs of Richard Wistar, deceased." 2. The sheriff's return of " made known," &c., was insufficient in this : that it does not appear that the copy of said writ was posted by him " on a conspicuous part of the premises therein described." 3. It does not appear " that a brief notice" of said writ was published by him according to law. 4. It does not appear that " the city solicitor caused diligent search to be made by an assistant or clerk for the owners or reputed owner" of the property levied before issuing a writ of scire facias thereon. 5. It does not appear that notice was served to the owner or reputed owner " to make payment to the city solicitor within ten days" before suit was brought. And, 6. It appears, notwithstanding the sheriff's return of *nihil habet*, that upon the day the writ of scire facias issued, the owner, or reputed owner of the lot, had a residence in the city of Philadelphia, known to the claimant.

*N. H. Sharpless*, for plaintiff in error.—The requirements, under the Act of March 11th 1846, Pamph. L. 115, Purd. Dig. 1089, pl. 25, for a valid service of the writ of scire facias, are, 1st, posting a true and attested copy of the writ on a conspicuous part of the premises two weeks before the return-day ; and, 2d, publication of a brief notice thereof in a daily newspaper of said county, also two weeks before the return-day. A property-holder has a right to insist that this statute shall be strictly construed. The advertisement, such as it was, is not said to have been before the return-day. All that the sheriff can be fixed for, upon his return, is for the allegation that it was advertised before he returned it—whenever that may have been. The words, " agreeably to the Act of Assembly," &c., will not help him. The rule has always been, that even in case of service of a summons, the sheriff must set forth just what he did, and the court will judge whether or not that is " agreeably to the Act of Assembly," &c. : Weaver *v.* Springle, 2 Miles 42.

*Henry C. Terry*, for defendants in error.—A municipal assessment against the heirs of A. is valid : Northern Liberties *v.* Coates's

[Wistar v. City of Philadelphia.]

Heirs, 3 Harris 247; Delaney v. Gault, 6 Casey 67. Every intendment is in favor of the regularity of proceedings in the court below, and their approval of the sheriff's return raises the presumption that the sheriff did his full duty according to the Act of Assembly. Many titles are held upon judgments obtained upon such returns as here made by the sheriff, and their regularity cannot be now questioned: Cadmus v. Jackson, 2 P. F. Smith 301.

Mr. Justice PAXSON delivered the opinion of the court, March 11th 1878.

On the 13th of October 1874, the city of Philadelphia filed in the court below, to the use of George W. Mooney, a lien against the lot described therein, for the sum of $291.02, for the construction of a sewer in front thereof, authorized by ordinance of councils, and against "the heirs of Richard Wistar, deceased, owners or reputed owners, or whoever may be owner." On the same day the lien was marked to the use of William Armstrong. On the 21st of November 1874, the claimants' attorney filed a suggestion that Lewis Wistar was the actual owner of the lot aforesaid, and the same day a writ of scire facias was issued on the said lien, warning the heirs of Richard Wistar, deceased, owners or reputed owners, and Lewis Wistar, actual owner, to appear and show cause, &c. To this writ the sheriff made return, "made known by posting a true and certified copy of the within writ on the premises herein described, December 5th 1874, and by advertising the same twice a week for two weeks in the *Evening Bulletin*, a daily paper published in the city, agreeably to the Act of Assembly in such case made and provided, and *nihil habet* as to the defendants." The claimant having filed proof of a demand for payment of the claim due under the Act of 23d March 1866, Pamph. L. 303, proceeded to take judgment for want of an affidavit of defence. This writ of error was sued out to said judgment, and a number of assignments of error have been filed, alleging irregularities in the proceedings. I will consider them in their order.

1. This assignment is not sustained. It was held in Northern Liberties v. Coates's Heirs, 3 Harris 245, that a municipal claim filed against the "heirs" of J. C., deceased, owner or reputed owner, or whoever may be owner, and describing the real estate against which it is claimed as a lien, is a sufficient designation of the ownership of the premises. It is not denied in the case at bar that the property is properly described, but it is alleged that the words "heirs of Richard Wistar, deceased," do not sufficiently designate the ownership. This is a proceeding *in rem*. The purpose of the description of the property and the designation of the owner or reputed owner is to give notice to the true owner. It was conceded that Richard Wistar was deceased at the time the claim was filed. Can it be said that filing it against his "heirs" is not calculated to

[Wistar *v.* City of Philadelphia.]

give such notice? It is true it does not designate any particu-
lar persons. But the heirs may be unknown to the claimant; and
as was said in the case above cited "may reside at a distance or
even in foreign countries." Land may be assessed as belonging to
the "widow and heirs" of a decedent: Wheeler *v.* Anthony, 10
Wend. 346. The Act of 22d April 1846, sect. 23, Pamph. L. 486,
provides that the real estate of a decedent may be taxed in the
name of the heirs generally by their designation as heirs.

2 and 3. These assignments allege error in entering judgment,
for the reason that the sheriff's return does not show a proper ser-
vice. The third section of the Act of 11th March 1846, Pamph.
L. 115, provides that all such writs of scire facias shall be served
"by posting a true and attested copy of the writ on a conspicuous
part of the premises therein described, and by publishing a brief
notice thereof in a daily newspaper, in said county, twice a week
for two weeks before the return-day." As before observed, this is a
proceeding *in rem.* It may be carried to the extent of judgment,
execution and sale without actual notice to the real owner. It is,
therefore, the more important that every essential requisite of the
Act of Assembly, prescribing the mode of service, should be com·
plied with. The return of the sheriff must show such compliance.
The return in this case is fatally defective for two reasons, first, it
does not show that a true and attested copy of the writ was posted
on a *conspicuous* part of the premises *for two weeks before the
return-day;* and second, it does not show publication, as required,
in a daily paper, for two weeks before the return-day. On the con-
trary, it appears that the writ was posted December 5th, which was
but a day or two before the return-day, and the advertisement in
the *Bulletin,* for aught that appears in the return, might have been
inserted after the return-day. Nor, is this omission aided by the
additional averment of the return, that it was "agreeably to the
Act of Assembly." It is the duty of the sheriff to return the mode
of service. The court can then determine whether it was in accord-
ance with the Act of Assembly. This is the rule even in case of a
summons. Delaney *v.* Gault, 6 Casey 63; Cadmus *v.* Jackson, 2
P. F. Smith 295, and other cases cited by defendant in error, are
not in conflict with this view. They decide that a purchaser at
a sheriff's sale under a judgment obtained in a scire facias on such
claims, is not bound to show that the Acts of Assembly have been
strictly complied with. He is protected by the judgment. But
here the defendant, the true owner of the premises, comes in and
asks to have a judgment entered upon a claim, and process, of
which he had no actual knowledge, set aside, because service was
not made in the manner required by law. The cases are radically
different.

4, 5 and 6. These assignments are not sustained. There was an
affidavit filed showing a demand upon the owner for payment of

the claim ; and we are not prepared to say that a judgment upon a return of *nihil habet* is erroneous, even where the defendant had a known residence in the city. It might be a persuasive reason with the court below to open a judgment entered under such circumstances, but we cannot say, as a matter of law, that it was erroneous.

Judgment reversed and a procedendo awarded.