## City of Philadelphia to use v. Unknown Owner. Pilling's Appeal.

*Municipal lien for paving—Sufficiency of lien filed—Application to open judgment—Laches—Discretion of Court.*

A lien filed in 1875 for paving, which did not specify by what authority the work was done and which was filed against an unknown owner, on which judgment was recovered and revived, was sought to be stricken off in 1890. From the depositions it appeared that the owner knew of the work being done, and promised payment soon after the entry of the judgment. The court below refused to strike off the lien or to open the judgment entered thereon:

*Held,* not to be error.

Argued March 29, 1892.  Appeal No. 45, July T., 1891, by Caroline B. Pilling, from decree of C. P. No. 2, Phila. Co., June T., 1875, No. 208, M. L. D., refusing to open judgment on sci. fa. sur municipal claim filed by the city to the use of Emanuel Peters.  Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

A claim was filed for paving in September, 1875, against a lot of ground in the Twenty-third ward in the city of Philadelphia and " whoever may be the owner or owners thereof agreeably to the several acts of assembly in relation thereto."  The claim did not specify compliance with any ordinance, or selection of the contractor by majority of the property owners.  A scire facias was issued December 14, 1876, and returned, " made known by posting and advertising and nihil as to unknown owners."  On January 20, 1877, an affidavit of service of notice was filed, and on the same day judgment was entered for want of a sufficient affidavit of defence.  The judgment was revived in 1882, and in 1887 a scire facias to revive was issued and returned nihil.  In 1889 a suggestion was filed that Thomas Castor was the registered owner and C. R. Pilling the actual owner. In 1889 appellant took a rule to open judgment, and depositions for and against the rule were taken.

From the depositions it appeared that appellant had owned the land since 1855, and at the time the lien was filed had a known residence in Philadelphia.  Evidence was given tending to show that the property was at the time rural property and so assessed.  Plaintiff's depositions showed that work was done on petition by nearly every property owner, and that after the judgment defendant called on the use plaintiff and promised to pay if time were given, and that consequently time had been allowed and no proceedings to collect had been taken.

The court discharged the rule to open the judgment.  Subsequently a rule was taken to strike off the lien, which was also discharged, and this appeal was taken.

*Errors assigned* were (1, 2) discharging the rule to strike off the lien ; (3) refusing to make absolute the rule to open the judgment.

*Henry J. Hancock, Henry Budd* with him, for appellant.

*William Hopple, Jr.,* for appellee, not called on.

PER CURIAM, April 18, 1892:

It is sufficient to say in regard to the first and second specifications of error, that there is nothing upon the record which would have justified the court below in striking off the lien.

The remaining specification alleges that the court erred in refusing to make absolute the rule to open the judgment. There is nothing before us to show that the discretion of the court below was not properly exercised. The paving for which the claim was filed was done in 1875. The judgment had been obtained upon the claim more than ten years prior to the application to open.

Judgment affirmed.