The City of Philadelphia *v.* Paul Thurlow, owner, and William D. Neilson, present owner, admitted to intervene pro inter esse suo, Appellants.

*Municipal liens—Accuracy of description.*

Municipal claims do not require as strictly accurate descriptions as those of mechanics for work done on particular property. The object of the description is to ascertain the locality of the property charged and this is sufficiently accurate if executed as nearly as may be.

*Taxes—Duplication of liens—Release of costs by city.*

Where taxes have been liened against several portions of land owned by one estate instead of against one large tract, the apportionment of the assessment and liens, affects only the matter of costs. The offer by the city to accept the principal of the taxes in dispute with interest and the costs incident to the satisfaction of one lien for each year, presents as equitable a result as defendant should attain.

Argued Oct. 5, 1897. Appeal, No. 10, Oct. T., 1897, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1888, No. 159, M. L. D. dismissing rule to open judgment. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Modified and affirmed.

Rule to open judgment. Before ARNOLD, P. J.

The facts appear from the petition as follows :

The petition of William D. Neilson sets forth that he was the owner of a lot of ground situate in the Twenty-fifth ward of the city of Philadelphia, describing it according to its metes and bounds as set forth in his deed for it, dated July 13, 1895, duly acknowledged, recorded, and registered in the department of

surveys, July 15, 1895; that the city of Philadelphia had filed a lien for taxes November 23, 1888, for the taxes for the years 1883, 1884, 1885, 1886, and 1887 against a lot described in the said lien which was for only a small part of the lot described in his deed.

That the description in the lien did not correspond to any of the deeds of any of the former owners of the lot, the predecessors in title of the petitioner, nor was there any registered or recorded plan or any marks on the ground of any lot as described in the said lien, but that the description of the lot in the lien was arbitrarily and without authority of law laid out and described by the city of Philadelphia.

That the description of the lot in the lien did not correspond with the maps and plans of the registry bureau of the city of Philadelphia, as provided by the act of March 14, 1865, and that the lien was not, therefore, a lawful lien upon the aforesaid lot belonging to the petitioner.

And further, that the sci. fa. upon the lien for taxes was not issued by the city until January 29, 1891, as appeared by the record, and therefore that the lien for taxes for 1883, 1884, and 1885 ceased and determined because the writ did not issue for taxes for those years within five years from the first day of January in the year succeeding that in which the said taxes became due.

The prayer of the petition was for a rule upon the plaintiff to show cause why the petitioner should not be allowed to intervene as a defendant pro interesse suo, and why the judgment should not be opened and the petitioner let in to make defense.

The city filed no answer, and at the hearing of the rule to show cause the court discharged it in an opinion by ARNOLD, P. J., as follows:

Taxes on real estate in the city of Philadelphia are assessed by assessors appointed by the board of revision of taxes, which board was created by the Act of March 14, 1865, P. L. 320. That act, as amended by the Act of February 2, 1867, P. L. 137, provides that the courts of common pleas shall appoint three persons who shall compose the board of revision of taxes, who shall have the power to equalize assessments by raising or lowering valuations, either in individual cases or by wards, to

rectify all errors, make valuations when they have been omitted, require the attendance of assessors or other citizens for examination; and the said board shall hear all the appeals and applications of the taxpayers, subject to an appeal to the court of common pleas whose decision shall be final. They are invested with all the powers theretofore conferred upon the city commissioners of Philadelphia and the commissioners of the counties of the state in relation to the assessors and the assessment and collection of taxes within the city and county of Philadelphia.

The assessors are appointed by the board of revision of taxes for the term of five years, as authorized by the Acts of April 12, 1873, P. L. 715, and June 5, 1874, P. L. 276.

The duty of the assessors is to ascertain the dimensions and quantity of each lot or piece of ground assessed and return the same with their assessment; and whenever the return shall not be sufficiently certain to enable the receiver of taxes to properly describe any lot of ground against which he is about to proceed for the recovery of registered taxes, it shall be the duty of the surveyor of the district in which the lot of ground is situated to furnish the receiver with an accurate measurement thereof, together with a precise description of its locality: Act of May 16, 1857, P. L. 549. Assessors are also required to ascertain the proper orthography of the name of each taxable person within their districts, the exact number of his residence, and his occupation, profession, or business, and to state plainly all such particulars in his assessment list: Act of April 13, 1859, P. L. 595. While this act was intended more particularly for making the jury and voters' lists, yet the importance of a correct spelling of the taxpayers' names, in assessing real estate, may be seen in the case of Green v. Belford, 4 Penny. 65, in which it was decided that a sheriff's sale of real estate of Jane Belford as the property of J. Bedford, on a municipal claim, passed no title. A sale of land of Samuel Giffen on an assessment for taxes in the name of Samuel Griffin, with other irregularities, was held to confer no title: Fisk v. Corey, 141 Pa. 334.

A method of obtaining this information is provided by the Act of March 14, 1865, above referred to, which established a registry bureau, in which a description of all real estate, and the names of the owners thereof, shall be registered and plotted

in plan books, so that accurate descriptions of the same and the names of the present owners may be obtained.   The advantage of registration to the property owner is that no property so registered shall be subject to sale for taxes or other municipal claims, except in the name of the owner so returned, after recovery by suit and service of the writ on him, as in cases of a summons in a personal action, as provided by the Act of March 29, 1867, P. L. 600: Simons v. Kern, 92 Pa. 455; Gans v. Philadelphia, 102 Pa. 97; Philadelphia v. Dungan, 124 Pa. 52.

When taxes remain unpaid for one year after they have become delinquent, it is the duty of the receiver of taxes to procure an accurate description of the real estate upon which they have been assessed, and to file liens (claims) therefor: Act of April 19, 1883, P. L. 9, sec. 6.

Municipal claims do not require as strictly accurate descriptions as those of mechanics for work done on particular property.   The object of the description is to ascertain the locality of the property charged, and this is sufficiently accurate if executed as nearly as may be: Thomas v. Northern Liberties, 13 Pa. 117; Allentown v. Hower, 93 Pa. 332.

When taxes on separate and distinct properties in this city are assessed together as one estate, the board of revision (taking the place of the county commissioners) may apportion the same ratably upon the several and distinct portions of the property so assessed together: Act of March 11, 1846, P. L. 115, sec. 8.

When a claim for taxes or other municipal claim has been filed against any lot of ground in the city of Philadelphia, and said lot consists of two or more lots belonging to different persons, the court shall permit and require the claim to be amended and apportioned, so that a due proportion thereof shall be charged against and recovered from the several lots included in the claim as originally filed: Act of March 22, 1869, P. L. 477.   Hence the inclusion of several lots in one claim is not fatal to it: City v. Cadwallader, 22 W. N. C. 8.

In the present action a claim has been filed against a lot of ground on the east side of Boudinot street, at the southeast corner of Hart lane, one hundred and fifty-three feet south of Indiana avenue, being eighteen feet one inch front and forty-

two feet six inches deep on the south line, and fifty-three feet deep on the north line to a three feet wide alley, for registered taxes of 1883, 1884, 1885, 1886 and 1887. The claim was filed November 23, 1888.

William D. Neilson, the present owner of a large lot of ground, of which the above is part, which he purchased at sheriff's sale, and obtained a deed therefor, dated July 13, 1895, now asks that the claim be struck off or the judgment opened to admit of a defense of misdescription. The defendant's large lot is in the shape of a trapezoid, or plain four-sided figure having two of the opposite sides parallel with each other. It is one hundred and seventy-four feet eight and three quarters inches long on its east line, on Gunner street, and fifty-seven feet seven and one eighth inches on its west line, on Boudinot street, which is parallel with the east line, the distance between them on a right line being ninety-seven feet six inches, and on the diagonal line one hundred and fifty-two feet one and five eighths inches. This lot has been assessed in sixteen small lots, having a three feet wide alley laid out between them. It was stated in argument that the assessors got the plan of these smaller lots from the surveyor of the district, who made it for a former owner of the ground for use in selling building lots. This was prior to the assessment for 1883, and it was a proper source of information, according to the act of May 16, 1857, before referred to. If the owner at that time did not adopt the plan or sell any of his lots by it, and did not desire his large lot assessed in small lots, he had the right to appeal to the board of revision to rectify the error, as that board could rectify it under the act of March 14, 1865, before cited. His appeal should have been made to the board of revision, as the court has no power to relieve him on such a complaint: Clinton School District's Appeal, 56 Pa. 315; Van Nort's Appeal, 121 Pa. 118; Moore v. Taylor, 147 Pa. 481. Failing to do so then it is too late now. His laches is a sufficient reason for dismissing his appeal: City v. Michener, 7 W. N. C. 558.

It is undoubtedly true that the assessments should follow the description of the property as furnished by the owner to the registry bureau; but there are some exceptions. One is a case, like the present, where the owner has subdivided his property for the purpose of sale: Beltzhoover Borough v. Maple, 130

Pa. 335. If he wishes to withdraw his plan of subdivision he should appeal to the board of revision at once, and he will find that board always disposed to hear his appeal and correct all errors, whether made by him or the assessors. Fortunately no sale has been made in the present case, and the city solicitor states that the board of revision will do all that can be done to consolidate the assessments, if the present owner will pay the arrears of taxes due by the property.

Another exception, in which the assessors may disregard the description in the deeds, is the case of a large tract of land crossing opened public streets. In such a case the assessors and board may make a division of the tract, so as to assess the several lots according to their frontage and depth on actually opened public streets; but neither the assessors nor the board have authority to lay out private streets or alleys, nor recognize any except such as are laid out by the owners of the property.

The sci. fa. on the claim was not issued until January 20, 1891. At that time the lien of the taxes of 1883, 1884 and 1885 had expired, and the property was discharged from them: City v. Heister, 142 Pa. 39.

The plaintiff agrees to deduct the taxes of these years with the interest thereon included in the judgment, and therefore it is unnecessary to send the case to a jury for that purpose only.

Rule discharged.

*Errors assigned* were (1, 2) discharging the rule. (3) In not holding that the lien for taxes for the years 1883, 1884 and 1885 had ceased and determined before the entry of the judgment, because the writ of scire facias did not issue for the taxes for these years within five years from the first day of January in the year succeeding that in which the said taxes became due respectively, and that the judgment therefore, so far as it covered the taxes for these years, should be opened, and the said William D. Neilson be allowed to make defense. (4) In not holding that there was no recorded plan or deed describing the property as the city had described it in the lien upon which the judgment was entered; and that, therefore, the lien was not filed in accordance with the statutes which prescribe the manner of filing liens for taxes in the city of Philadelphia. (5) In holding that the only remedy of a taxpayer for an im-

proper description of his land in a tax lien was by appeal to the board of revision of taxes.   (6)  In holding that the taxpayer's omission to appeal to the board of revision of taxes for relief against the improper description of his land in the tax lien, or assessment filed, was a bar to his relief by the court of common pleas in the present proceedings.

*T. B. Stork*, for appellant.— The court below seemed to concede in its opinion that the city could not arbitrarily cut up the taxpayer's land into sixteen different lots and file a lien against each lot.

It is undoubtedly true that the assessments should follow the description of the property as furnished by the owner to the registry bureau, but there are some exceptions, as in a case like the present, where the owner has subdivided his property for the purpose of sale: Beltzhoover Borough v. Maple, 130 Pa. 335.

Without burdening this brief with all the acts of assembly on the subject the following may be cited as showing the intent of the legislature: Act of February 3, 1824, P. L. 18; Act of April 16, 1840, P. L. 410; Act of May 16, 1857, P. L. 549; Act of March 14, 1865, P. L. 320; Act of April 19, 1883, P. L. 9.

The ancillary legislation upon the matter of locality indexes may also be cited.

Act of March 31, 1864, P. L. 171, and the Act of February 16, 1866, P. L. 50, provide for a locality index of tax liens, the latter act making it a duty " to place in the locality index . . . . the street front of real estate against which writs of scire facias shall issue."

The courts have uniformly taken this view of the tax lien acts: Wolf v. City, 105 Pa. 25; Scranton v. Jones, 133 Pa. 219.

Defendant has offered repeatedly to pay the taxes which are really due the city, deducting the costs caused by the improper filing of sixteen liens instead of one, and deducting the interest; and the city, as he understood it, agreed to the proposition. But more than one year has elapsed and the taxes still remain a lien upon the lot, or, rather, the sixteen lots, hindering all improvement and preventing any sale of them.

This is not an attempt, therefore, to escape by a technicality the payment of the just sum due for taxes on the lot, but it is the only remedy open to the appellant to compel the city to make one lien instead of sixteen against his lot and to avoid the payment of the now enormous costs that have accumulated by reason of the filing of sixteen unlawful liens instead of the single lien authorized by law.

*Alfred S. Miller*, with him *John L. Kinsey*, city solicitor, and *James Alcorn*, assistant city solicitor, for appellee.—The proper remedy of the defendant was to appeal to the board of revision of taxes if any injustice was done in the particular assessments. Such appeal is provided for by the Act of March 14, 1865, P. L. 320, sec. 1. See also, Act of April 1, 1836, P. L. 436, sec. 52; Purdon Dig. 1984, sec. 117. And also Act of April 19, 1889, P. L. 38, and Purdon Dig. 1984, sec. 118.

In this case the defendant practically applies to this court to "revise, correct and equalize assessments," without having appealed to the board of revision from the act of the assessor.

The remedy for an illegal assessment is by appeal to the taxing power. If no such appeal is taken the court can give no relief. See Clinton School District, 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Hughes v. Kline, 30 Pa. 227.

The defendant is guilty of laches. He has allowed about thirteen years to elapse without appeal. During this time judgment was duly and legally entered by the court upon the lien. No affidavit of defense was filed.

In a similar case where only two years had passed, in court No. 2, Judge MITCHELL said: "The taxes were due in 1877 and 1878, respectively, and no application was made for a reduction till August, 1879. Such laches is a sufficient reason for 'dismissing an appeal without considering the other questions raised':" City v. Michener, 7 W. N. C. 558.

No specific method of description is prescribed by the acts of assembly.

In filing liens for unpaid taxes the present procedure is under the act of 1883, which provides: "In all cases where the taxes remain unpaid for the period of one year after the same shall have become delinquent it shall be the duty of the receiver of taxes to procure forthwith an accurate description of the real

estate upon which said taxes have been assessed . . . . and to file liens: " Act of April 19, 1883, P. L. 9.

OPINION BY PORTER, J., October 18, 1897 :

The conclusion we have reached in this case renders a discussion of it in detail unnecessary. The liens for the taxes for the years 1883, 1884 and 1885, were conceded by the city and held by the court below to be discharged. As to the taxes for the remaining years we are of opinion that they are chargeable against the property of the appellant. The fact that they were reduced to liens against separate lots instead of against one large tract, affects only the question of costs.

It was stated on behalf of the appellees at the argument of the cause in this court that the city of Philadelphia was willing to accept the principal of the taxes in dispute with interest and the costs incident to the satisfaction of one of the liens for each year, thus releasing the costs on the other liens. This is quite as beneficial a result as the appellant should attain. It is an equitable solution of the difficulty which meets with the approval of this court.

In pursuance of the concession thus made on behalf of the said city, the liens for the taxes for the years 1883, 1884 and 1885 are stricken off at the cost of the appellee and, on condition that the said city shall enter satisfaction of all of the liens for the taxes for the years 1886 and 1887 on payment by the appellant of the principal of the taxes for said years with interest and the costs accrued on one of the liens for each of said years, the judgment of the court below is affirmed.