## Philadelphia *v.* Unknown Owner.

*Taxation—Tax lien—Tax liens in Philadelphia—Registration of property—Acts of March 14, 1865, section 9, P. L. 320, and March 29, 1867, P. L. 600.*

The acts of March 14, 1865, sec. 9, P, L. 320, and March 29, 1867, P. L. 600, requiring owners of lots in Philadelphia to furnish descriptions of their property to the city engineer and surveyor, applied to all owners of

lots at the time the acts were passed, and were not restricted to those who became buyers and sellers of land after the legislation went into effect.

When the owner has not availed himself of the protection afforded by the registration of his title, the mention of his name in connection with the assessment of the land, is only required as descriptive of the land, and when the assessment and the claim within themselves clearly and absolutely identify the land, that is all that is required.

*Tax lien—Description of property—Apportionment of liens.*

It is no ground for opening a judgment entered on a tax lien in the city of Philadelphia, that the property against which the taxes were assessed embraces two or more lots belonging to different persons. The remedy in such case is through an application to the court below to apportion the claim under the provisions of the Act of March 22, 1869, P. L. 477.

*Tax lien—Scire facias—Judgment—Opening judgment—Discretion of court.*

Where a taxpayer does not pay his taxes for several years, and judgment is entered on a scire facias sur municipal lien for taxes, and the owner permits the judgment to lie ten years before making application to have it opened, the burden is upon him to show some reason why he ought not in good conscience be required to pay the claim. The mere fact that the lien of the taxes for certain of the years had expired before the issue of the scire facias, is insufficient, since the taxes may still be due, though the lien is gone, and may be collectible from the owner or from the property if yet in the same hands.

Argued Dec. 10, 1901. Appeal, No. 158, Oct. T., 1901, by James D. Scott, Owner, from order of C. P. No. 1, Phila. Co., Dec. T., 1888, No. 334, discharging rule to open judgment in case of City of Philadelphia v. Unknown Owner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order discharging rule to open judgment.

*Clinton Rogers Woodruff* and *William D. Neilson*, for appellant.—The contention of appellant is, that as to the whole claim the judgment is invalid by reason of carelessness on the part of appellee in the assessment, and that that part of the judg-

ment as relates to taxes for the years 1883, 1884 and 1885 is invalid because the scire facias sur claim did not issue until too late to preserve the lien: Barclay's Appeal, 11 W. N. C. 359; Huston Smith & Co.'s Appeal, 6 W. N. C. 162; Phila. v. Hiester, 142 Pa. 39; Phila. v. Baker, 142 Pa. 43.

*Alfred S. Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The entire subject having been fully heard and considered by the court below and decided adversely to the appellant, the only question is, whether the lower court properly exercised its discretion: Kelber v. Pittsburg Nat. Plow Co., 146 Pa. 485; Jenkintown Nat. Bank's Appeal, 124 Pa. 339; Blauvelt v. Kemon, 196 Pa. 128; Mullet v. Hensel, 7 Pa. Superior Ct. 524; Walsh v. Ashford, 9 Pa. Superior Ct. 566; Green v. Boyd, 13 Pa. Superior Ct. 651; Phila. v. Browning, 13 Pa. Superior Ct. 164.

The proper remedy of the defendant was to appeal to the board of revision of taxes: Clinton School District's App., 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Hughes v. Kline, 30 Pa. 227; American Sunday School Union v. Phila., 161 Pa. 307; Phila. v. Michener, 7 W. N. C. 558; Phila. v. Thurlow, 5 Pa. Superior Ct. 600.

The question as to whether the scire facias issued in time is no longer open to argument. It has been held by all the Philadelphia courts of common pleas and by the Superior Court of Pennsylvania, that the defense of a scire facias being too late under City v. Heister, 142 Pa. 39, must be made before judgment has been entered. See Phila. v. Wallace, 7 Pa. Dist. Rep. 721; Phila. v. Thurlow, 5 Pa. Superior Ct. 600; Phila. v. Browning, 13 Pa. Superior Ct. 164; Phila. v. Reeves, 15 Pa. Superior Ct. 535.

This appeal seeks to compel the court below to open and strike off a judgment which was regularly entered, and, unless the application is based upon a strong equitable reason, should not prevail: Welton v. Littlejohn, 163 Pa. 205.

OPINION BY W. D. PORTER, J., April 21, 1902:

The city of Philadelphia, on December 22, 1888, filed a claim for registered taxes for the years 1883, 1884, 1885, 1886 and 1887, against a lot on the west side of Memphis street, accurately

described by metes and bounds, and against the owner thereof, who was designated as unknown. A scire facias was issued on February 19, 1891 and after a statutory service thereof, judgment was, on July 17, 1891, entered for want of an affidavit of defense. This judgment was revived in 1896, judgment having been entered in the proceeding to revive on June 30, of that year, after two returns of nihil habet. A scire facias to revive and continue the lien of the judgment was issued on June 15, 1900, which being returned nihil, an alias was issued on the first day of August in the same year, to which a like return was made. The appellant, on March 4, 1901, presented a petition praying that the judgment be opened and he permitted to intervene and defend. The petition set forth that the appellant was and had been the owner of the property since 1855, in which year the deeds through which he acquired title were recorded; that although he was the actual owner at the time the taxes were assessed, he had received no notice of the proceedings, and that he had a defense to the whole of said claim, which defense is in the petition set forth at length and may be briefly thus stated: (1) that, although appellant was the owner at the time the several writs of scire facias issued, he was not made a party defendant and had no notice of the proceedings; (2) that the assessment on the lot was wrongly made inasmuch as it included other land with that of the petitioner; (3) that the scire facias did not issue in time to preserve the lien on the premises in question so far as it related to the taxes for the years 1883, 1884 and 1885. The court granted a rule to show cause why the judgment should not be opened. The city filed an answer averring that the petitioner had never caused his deed for the premises in question to be registered in the registry bureau of the survey department of the city, and that no description of any part of the property against which the claim was filed had ever been returned by any owner for registration as required by law. The court subsequently discharged the rule to open the judgment. While neither the petition nor the rule specifically designate which judgment the appellant desired to attack, we must assume that it was the original judgment entered in 1891, for if that be permitted to stand unquestioned it would avail appellant nothing to have the other judgments opened: Cardesa v. Humes, 5 S. & R. 65; David-

son v. Thornton, 7 Pa. 128; Warder v. Tainter, 4 Watts, 270; Yaple v. Titus, 41 Pa. 203.

It does not appear that there has been any conveyance or change of ownership of this property since 1855, and it has been suggested on behalf of appellant that the legislation requiring the registration of property in the city of Philadelphia applies only to those who become buyers and sellers of land after that legislation went into effect. The Acts of March 14, 1865, P. L. 320, section 9, and March 29, 1867, P. L. 600, section 1, impose a positive duty upon all owners of lots, "to furnish, forthwith, descriptions of their property to the chief engineer and surveyor, to aid him in making up the books of plans." When property has been so returned it is not subject to sale for taxes, or other municipal claims thereafter to accrue, except in the name of the owner as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons. Had the appellant caused his property to be registered, he would have had a complete defense to the claim of the city: Simons v. Kern, 92 Pa. 455; Gans v. Philadelphia, 102 Pa. 97. Those who have failed to avail themselves of the provisions of this legislation by causing their ownership to be registered are, by the provision of the 5th section of the act of March 14, 1865, left in the same position which they would have occupied if these statutes had never been enacted. The property of an owner who has not registered his title may be sold under proceedings to which he is not made a party and of which he has no notice: Wistar v. Philadelphia, 86 Pa. 215; Emrick v. Dicken, 92 Pa. 78; Northern Liberties v. Coates's Heirs, 15 Pa. 245; Delaney v. Gault, 30 Pa. 63; Soullier v. Kern, 69 Pa. 16; White v. Ballantine, 96 Pa. 190; Philadelphia v. Unknown Owner, 148 Pa. 536. When the owner has not availed himself of the protection afforded by the registration of his title, the mention of his name in connection with the assessment of the land, is only required as descriptive of the land, and when the assessment and claim within themselves clearly and absolutely identify the land, that is all that is required: Delaney v. Gault, supra. We are of opinion that this claim sufficiently described the property, and that the assessment was valid. The allegation that the property against which the taxes were assessed embraces two or more lots be-

longing to different persons is not a sound reason for opening the judgment. The remedy in such case is through an application to the court below to apportion the claim, under the provisions of the Act of March 22, 1869, P. L. 477; Phila. v. Cadwallader, 22 W. N. C. 8; Philadelphia v. Thurlow, 5 Pa. Superior Ct. 600.

The allegation that the lien for a part of the taxes had expired before the original scire facias issued remains to be considered. By the fact of registry the taxes of 1886 were a lien until the end of 1891, and the scire facias was issued in February of that year. This was in time as to the taxes of 1886 and 1887, and therefore neither the claim nor the judgment ought to have been stricken off, if such had been the motion. The lien of the taxes for 1883, 1884 and 1885 had expired before the issue of the scire facias. The prayer of the appellant was that the judgment be opened, which was an appeal to the equitable powers of the court, and was to be disposed of upon equitable principles. The taxes were the general rates and levies to which all property is annually subject; every citizen is presumed to know that his property is subject to these charges, and he knows equally well that if he does not discharge them, his default must go to swell the burden of others. " The taxes may still be due though the lien is gone, and may be collectible from the owner or from the property if yet in the same hands. These and other considerations address themselves to the discretion of the court below:" Philadelphia v. Kates, 150 Pa. 30. The appellant had for years failed to pay his taxes, a court having jurisdiction of the subject-matter had entered judgment against his lands, and he permits that judgment to lie ten years before making application to have it opened. He appeals to the discretion of a chancellor to relieve him from the judgment, and he ought to allege some reason why he ought not in good conscience be required to pay the claim. This petitioner did not allege that his lands were not legally liable to the taxation, nor that there had been a double taxation, nor that he had paid, nor that he had attempted to pay. He is presumed to know that he had not paid his general taxes for those years, yet he in no manner attempts to explain his failure to discharge this obligation to the public. The judgment was clearly valid and unassailable as to a part of the amount for which it was entered, and the defend-

ant makes no attempt to explain why he permitted it to stand, unquestioned for almost ten years. The burden was upon the, appellant to establish his right to the equitable relief which he sought: Philadelphia v. Browning, 13 Pa. Superior Ct. 164; Philadelphia v. Reeves, 15 Pa. Superior Ct. 535, We are not satisfied, in view of all the facts and circumstances, that the learned court below abused the discretion with which it was by law invested when it refused to open this judgment.

The order of the court below is affirmed.