## Philadelphia, Appellant, *v.* Peyton.

*Municipal lien—Notice to owner—Registered owner—Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600—Registration in Philadelphia county.*

When title to property has not been registered in the city of Philadelphia at the time a municipal claim accrues as a lien of record, the mention of the name of the owner in connection with the assessment of the land is only required as descriptive of the land ; and when the assessment and the claim within themselves clearly and absolutely identify the land, that is all that is required. The owner of land who has not registered his title is left in the same position which he would have occupied if the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, had never been enacted; his property may be sold under proceedings to which he is not made a party and of which he has no notice.

If at the time judgment is entered upon an original scire facias sur municipal lien, there is no registered owner, it is not incumbent upon the city to make the owner who several years after registers his title a party to the scire facias which later issues to continue the lien.   In such a case at a trial upon the scire facias to revive, the fact that no evidence is offered that notice was given to the owner of the property to do the work, and that it was done by the city because of his failure, cannot operate to defeat the right of the city to a judgment upon the verdict.   The original judgment was conclusive as to all questions of fact of this nature.

*Judgment—Scire facias to revive—Defenses.*
On a scire facias to revive a judgment no defense can be made except one that has arisen since the judgment.

Argued Oct. 22, 1903.   Appeal, No. 187, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1883, No. 59, on verdict for defendant non obstante veredicto in case of Philadelphia v. William Peyton.   Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Issue to determine the validity of a judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John M. Patterson* and *James Alcorn*, assistant city solicitor, with them *John L. Kinsey*, city solicitor, for appellant.—On a sci. fa. to revive a judgment, no defense can be made except one that has arisen since judgment: Lauer v. Ketner, 162 Pa. 265.

Failure on the part of the city to comply with a provision in an ordinance requiring notice to the property owner to pay will not affect the validity of the claim : Phila. v. Schofield, 25 W. N. C. 388; Winter v. Reading, 15 W. N. C. 329.

*H. B. Hodge*, for appellee.—Where the work is done and the claim filed under a city ordinance, which requires notice to be first given to the owner to do the work, the giving of such notice must be proved at the trial whether it has been alleged in the claim or not: Phila. v. Richards, 124 Pa. 303; Phila. v. Stevenson, 132 Pa. 103; Mt. Pleasant Boro. v. R. R. Co., 138 Pa. 365; Phila. v. Armstrong, 16 Pa. Superior Ct. 55.

When the authority to do the work and file the claim is con-

ferred by statute upon compliance with certain conditions, if
notice to the owner to do the work be one of them it has been
held that the giving of such notice is a condition precedent or
prerequisite, and must be averred in the claim.   Otherwise,
the claim is fatally defective and should be stricken from the
record : Phila. v. Dungan, 124 Pa. 52 ; Phila. v. Richards,
124 Pa. 303 ; Phila. v. Laughlin, 28 W. N. C. 306 ; Boro. of Con-
nellsville v. Gilmore, 15 W. N. C. 343.

OPINION BY PORTER, J., July 28, 1904:

The city of Philadelphia on February 7, 1884, filed a claim
for paving a sidewalk against the premises situated on the
northeasterly side of Clearfield street from Tulip street to Ag-
ate street, in the twenty-fifth ward of said city, describing the
same by metes and bounds, and against William Peyton, owner
or reputed owner of said land.   On February 6, 1889, a sug-
gestion was filed of record that John Martin was the actual
and present owner, and the same day an affidavit of service of
notice was filed and a scire facias issued upon the claim.   The
scire facias was duly served by posting and advertising, and
personally upon John Martin, as actual owner, and as to Wil-
liam Peyton the return was nihil habet.   Judgment for want
of an affidavit of defense was regularly entered in the proceed-
ing on April 9, 1889.   Proceedings to revive this judgment
were instituted by the issuance of a scire facias on March 29,
1894, and after two returns of nihil habet a second judgment
was entered for want of an affidavit of defense on March 16,
1899.   The owner of the property against which the lien was
filed had never caused his title to be registered prior to May 15,
1893, when one Hancock, who had purchased the property at
sheriff sale, registered a deed which bore date two days earlier.
Hancock conveyed to William D. Neilson, by deed dated Oc-
tober 15, 1895, and registered in the bureau of surveys on Jan-
uary 7, 1896.   On July 23, 1900, Neilson presented a petition
" to open the judgment entered March 16, 1899," and permit
him to defend, upon which the court granted a rule upon the
city to show cause, which rule was, on June 5, 1901, made
absolute.   The effect of this was to open the last judgment of
revival, leaving the judgment upon the original scire facias,
entered April 9, 1889, standing unchallenged.   The parties

went to trial with the record in this condition. There was a verdict in favor of the plaintiff, subject to the judgment of the court on a reserved point, viz : "Whether the plaintiff is entitled to recover a verdict in this action, in view of the fact that neither of the sci. fas. to revive judgment which were issued in the case were issued against the person who was the registered owner at the time of the issuance of the writs respectively, and further in view of the fact that there is no evidence that any notice was given to the owner of the property in question to do the work for the price of which this claim is filed." The learned judge of the court below, without filing an opinion, subsequently entered judgment in favor of the defendant on the point reserved, and the city appeals.

When the lien was filed and until a time long after the date of the entry of the judgment in the original scire facias thereon the title to this property was unregistered, the owners had failed to comply with the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, providing for the registration of property in the city of Philadelphia. Real estate registered as directed by the statutes referred to, is after such registration not subject to sale for taxes or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner, as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons. The affirmative provisions of these statutes cannot be construed to extend the benefits thereof to the protection of property against a sale upon a municipal claim which had accrued as a lien of record before the title to the property had been registered ; the legislature, however, left nothing to construction, but in section 5 of the act of 1865 expressly declared its intention, "and if the lands or houses sold, be afterwards sold for taxes thereafter accruing, as a lien of record, before said duty (registration of the deed) shall have been performed, the purchaser shall acquire title, as now he may by law, within the county of Philadelphia." When the title has not been registered at the time the claim accrues as a lien of record, the mention of the name of the owner in connection with the assessment of the land is only required as descriptive of the land, and when the assessment and the claim within themselves clearly and absolutely identify the land, that is all that is re-

quired. The owner of land who has not registered his title is left in the same position which he would have occupied if these statutes had never been enacted; his property may be sold under proceedings to which he is not made a party and of which he has no notice: Wistar v. Philadelphia, 86 Pa. 215; Emrick v. Dicken, 92 Pa. 78; Northern Liberties v. Coates's Heirs, 15 Pa. 245; Delaney v. Gault, 30 Pa. 63; Soullier v. Kern, 69 Pa. 16; White v. Ballantine, 96 Pa. 190; Philadelphia v. Unknown Owner, 148 Pa. 536; Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. This was strictly a proceeding in rem from its inception, and the subsequent and long belated registration of the title had no effect upon its character, for to it the registration acts have no application. The property never had been registered at the time the lien was filed and the judgment entered upon the original scire facias, and it was not incumbent upon the city to make the owner who several years after registered his title a party to the scire facias which later issued to continue the lien.

The fact that no evidence was offered at the trial upon the present scire facias, that notice was given to the owner of the property to do the work, and that it was done by the city because of his failure, cannot operate to defeat the right of the city to a judgment upon the verdict. The lien as filed and the proceedings upon the original scire facias which resulted in a judgment were regular. The lien was authorized by the 40th section of the act of February 2, 1854, P. L. 21, which does not require notice to the owners of property to be charged under its provisions: Philadelphia v. Stevenson, 132 Pa. 103. There was offered in evidence in the court below an ordinance of the city, of the date June 7, 1882, which provides that the chief commissioner of highways shall notify the owners of property in front of which the sidewalk shall require paving or repairing, that the necessary work must be done within thirty days and if the said order is not complied with within the time specified the work shall be done by said officer, and a bill for same presented to the owner, and in case of neglect or refusal of the owner to pay the same within thirty days from the presentation thereof, the city solicitor shall proceed to collect the same by lien. This ordinance was not a part of the record. Ordinances of councils, unless they have been for-

mally brought upon the record by the pleadings, are evidence, merely, admissible at the trial to establish or defeat the claim: Philadelphia v. Richards, 124 Pa. 303. It is now contended that it was incumbent upon the city at the trial upon the present scire facias to prove that this notice had been given before the work was done, almost twenty years ago. The ordinance was merely in the case as evidence, to have shown that the notice had been given would have involved the production of evidence. These were questions of fact involving the right of the city to recover upon the lien, but they did not go to the jurisdiction of the court. Now a judgment had had already been recovered in a scire facias upon this lien, in 1889. That judgment was conclusive as to all questions of fact of this nature. On a scire facias to revive a judgment, no defense can be made except one that has arisen since the judgment: Lauer v. Ketner, 162 Pa. 265; Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. Even if the notice to do the work was never given, the defendant was not, under this record, in a position to raise the question. The defense in this case was purely technical, the defendant took no exception to the rulings of the court below, and there is in the present case no reason for sending the case to the court below for the purpose of entering judgment in order that the defendant may have an opportunity to appeal.

The judgment is reversed, and it is now ordered that judgment be entered on the verdict in favor of the plaintiff and against the defendant.