## Philadelphia *v.* Merritt, Appellant.

*Taxation—Tax claims—Notice—Act of March 23, 1866, P. L. 303.*

The Act of March 23, 1866, P. L. 303, does not apply to registered taxes, the general taxes and levies. It applies only to municipal claims.

Where the city of Philadelphia has complied with the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, by causing the original writ of scire facias sur municipal claim for taxes to be personally served upon the registered owner in the manner required in case of a summons, it is not bound to inquire whether such registered owner had good title. Service upon the registered owner is all that the statute required.

Argued Oct. 13, 1905. Appeal, No. 81, Oct. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T.,

1894, M. L. D. No. 36, discharging rule to open judgment in case of City of Philadelphia v. William C. Merritt, owner, and T. Elwood Potts, trustee, etc., and registered owner, and William H. Maker.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to open a judgment.
The facts appear by the opinion of the Superior Court.
The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*Isaac D. Yocum,* for appellant.—It is absolutely essential that notice must be given to the owner: Phila. v. Hanbest, 15 W. N. C. 349 ; Phila. v. Dungan, 124 Pa. 52.

The assignee is not terre-tenant or owner, and as such entitled to notice of a sci. fa. to revive a judgment : Suter v. Findley, 5 Pa. Superior Ct. 163 ; Dohner's App., 1 Pa. 101; Spackman v. Ott, 65 Pa. 131 ; Wright v. Wigtom, 84 Pa. 163 ; Jordan v. Sharlock, 84 Pa. 366 ; Potter v. Gilbert, 177 Pa. 159; Mills v. Ritter, 197 Pa. 353.

*Mayne R. Longstreth,* with him *James Alcorn,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellee.—The act of March 23, 1866, only applies to municipal claims strictly so called, and does not apply to tax claims : Phila. v. Scott, 72 Pa. 92.

This is a proceeding in rem, and is governed by the statutes in reference thereto.   The judgment was good against the world and was not entered against any one by name : Delaney v. Gault, 30 Pa. 63 ; Northern Liberties v. Coates, 15 Pa. 245 ; Wistar v. Phila., 86 Pa. 215 ; Emrick v. Dicken, 92 Pa. 78 ; White v. Ballantine, 96 Pa. 186 ; Mechanics' Bank v. Gorman, 8 W. & S. 304 ; Follweiler v. Lutz, 102 Pa. 585.

Service upon a trustee is a good service as to lands held in trust: Dickerson's App., 7 Pa. 255 ; Baines v. Alker, 207 Pa. 234.

An application to open a judgment even on a tax claim must be based on equitable, not technical, reasons : Phila. v. Browning, 13 Pa. Superior Ct. 164 ; Phila. v. Reeves, 15 Pa. Supe-

rior Ct. 535 ; Phila. v. Unknown Owner, 20 Pa. Superior Ct.
203 ; Phila. v. Allen, 20 Superior Ct. 209.

OPINION BY PORTER, J., November 20, 1904 :
The claim of the city for the general taxes assessed and levied
for the year 1893 against a lot accurately described in the claim
was duly filed on the first day of October, 1894. An affidavit
of notice to " T. Ellwood Potts, Trustee," to pay the claim, in
the form prescribed by the Act of March 23, 1866, P. L. 303,
relating to municipal claims, having been filed, a scire facias was
issued upon this tax claim on April 6, 1898, and was served per-
sonally on T. Ellwood Potts, trustee, the registered owner, and
the sheriff further returned " made known by posting and ad-
vertising and nihil habet as to William C. Merritt." Judgment
for want of an appearance was entered on June 22, 1898. A
suggestion that William Marker was the then actual registered
owner was, on March 31, 1903, filed of record. A scire facias
to revive and continue the lien issued on April 12, 1903, and
after two returns of nihil habet, as to all the defendants includ-
ing Marker, a judgment was entered in this proceeding on July
7, 1903. William H. Marker, the appellant, presented his peti-
tion on January 3, 1905, setting forth that he was the present
registered and actual owner of the lot, having purchased the
same on July 11, 1902, and praying that the judgment be opened
and he let into a defense, upon the ground of certain irregu-
larities in the proceedings. The court granted a rule to show
cause why the judgment should not be opened, which it sub-
sequently discharged. Marker appeals from the order of the
court discharging his rule to open the judgment.

The parties filed, in the court below, a written agreement as
to the facts, which disclosed that Merritt had been the real and
registered owner in 1893 when the taxes were assessed. In
December of that year he executed a deed of voluntary assign-
ment for the benefit of creditors, conveying the property to T.
Ellwood Potts, trustee, which deed was registered on December
13, 1893, and upon the same day duly recorded, and from that
day until February 10, 1902, " T. Ellwood Potts, Trustee," was
the registered owner of the property. The appellant derives
his title from the purchaser to whom the sheriff executed a deed
dated February 10, 1902, executed in pursuance of a sale on the

third day of the same month under a proceeding upon an old mortgage, executed by Rhinehart, from whom Merritt had derived title. The facts agreed upon make it clear that this claim is for the general rates and levies for the year 1893, which had been lawfully imposed, and that they never have been paid. The appellant complains that William C. Merritt was not served with notice to pay the claim, in accordance with the Act of March 23, 1866, P. L. 303. The answer to this is that that statute does not apply to registered taxes, the general taxes and levies : Philadelphia v. Scott, 72 Pa. 92. His other complaint is that the original scire facias was not personally served upon Merritt. Merritt was not the registered owner, and it was not necessary that there should be a personal service upon him is the answer to this allegation of a defense : Philadelphia v. Peyton, 25 Pa. Superior Ct. 350 ; Wistar v. Philadelphia, 86 Pa. 215 ; Soullier v. Kern, 69 Pa. 16 ; Delaney v. Gault, 30 Pa. 63. The application to open this judgment was addressed to the discretion of the court below, and in the absence of any allegation of a defense upon the merits, we are not satisfied that the learned judge of the court below abused that discretion in discharging the rule of the petitioner : Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. The city having complied with the provisions of the Acts of March 14, 1865, P. L. 320 and March 29, 1867, P. L. 600, by causing the original writ of scire facias to be personally served upon the registered owner, in the manner required in case of a summons, was not bound to inquire whether such registered owner had a good title : Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203 ; Baines v. Alker, 207 Pa. 234. We do not say that it would not be sufficient for the city to serve the actual owner, when he is a person other than the one registered ; it is, however, well settled that service upon the registered owner is all that the statutes require.

The order of the court below is affirmed.