PHILADELPHIA v. ISAAC HIESTER.

PHILADELPHIA v. MRS. BAKER.

APPEALS BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

| 142 | 39 |
| 142 | 44 |
| 142 | 39 |
| 150 | 31 |
| 142 | 39 |
| 214 | 249 |
| 142 | 39 |
| 31 SC | 77 |

Argued April 8, 1891—Decided April 27, 1891.

In Philadelphia, registered taxes cease to be a lien, unless a scire facias is issued upon the claim filed therefor within five years from the first day of January next after they become due: Section 1, act of March 11, 1846, P. L. 114: unrepealed by § 2, act of April 21, 1858, P. L. 385.*

---

* See act of May 4, 1889, P. L. 79.

Opinion of Court below.

Before Paxson, C. J., Green, Clark, McCollum and Mitchell, JJ.

Nos. 276, 310 January Term 1891, Sup. Ct.; court below, Nos. 24 September Term 1880, 150 December Term 1877, C. P. No. 1, M. L. D.

On October 21, 1880, the city of Philadelphia filed a municipal claim for $335.16 for registered taxes for 1877 and 1878, against Isaac Hiester, owner, etc., and registered owner of certain property described, the said amount including interest, commissions and costs. On April 6, 1882, a suggestion was filed that the tax for the year 1877 had been paid.

On August 14, 1885, on affidavit of service of notice filed, a writ of scire facias issued. On October 12, 1889, issue.

At the trial on June 21, 1890, the claim being read in evidence, by agreement of counsel and under the direction of the court the jury returned a verdict for the plaintiff for $241.31 (being the amount of the claim less certain payments admitted), subject to the opinion of the court on the question of law reserved, to wit: "Whether the scire facias issued by plaintiff on August 14, 1885, was issued in time to entitle plaintiff to recover."

After argument of the reserved question, the court, Biddle, J., on June 19, 1890, filed the following opinion:

The point reserved on the trial of this cause was whether the registered taxes for the years 1877 and 1878 ceased to be a lien on real estate after the expiration of five years from the first days of January 1878 and 1879, respectively. On August 14, 1885, a scire facias had issued upon them, and previous to that date a claim had been filed in the prothonotary's office on October 21, 1880.

The act of February 3, 1824, [P. L. 18, (8 Sm. L. 189,)] made, for the first time, taxes a lien, until paid, on real estate in the city and county of Philadelphia upon which they were assessed.

The act of April 16, 1840, P. L. 410, to which we have been referred, applies not to the city, but only to some of the districts of the county of Philadelphia. The act of April 16, 1845, P. L. 488, declared that no tax should continue a lien

Opinion of Court below.

longer than until the first day of July, in the year immediately succeeding that in which such tax is due and payable, unless the same shall have been registered. And if registered in compliance with the provisions of the act, "the lien shall continue for five years from the first day of January, in the year next succeeding that in which such tax was due, and no longer, unless a claim for the same shall be filed in the office of the prothonotary of the proper court, within the said term of five years, and if so filed, the lien shall continue for the same period, and may be revived in the same manner as is provided by law, in the case of mechanics' claims."

In the next year, March 11, 1846, P. L. 114, it was enacted, "And all taxes registered as aforesaid, in said county commissioners' office, shall cease to be liens, after the expiration of five years from the first day of January, in the year succeeding that in which they became due, unless suit be brought to recover the same, as it now is or may be provided by law for the recovery of the same, and duly proceeded in to judgment."

It is, however, contended that the act of April 21, 1858, P. L. 386, repeals the act of 1846. It enacts, "That the receiver of taxes of said city shall be charged by the city controller with the amount of the duplicates of each ward placed in his hands by the city commissioners for state and city taxes; and that in the month of January, annually, the said receiver shall, in books to be called 'The Register of Unpaid Taxes on Real Estate,' register all unpaid taxes (except occupation taxes) of the preceding year; and the said taxes are hereby declared to be a lien on all real estate, in accordance with the provisions of the act of February 3, 1824, entitled 'An Act relating to taxes on certain real estate in the city and county of Philadelphia.' "

There is clearly, here, no express repeal of the act of 1846, and if it so operates it is by necessary implication; that is, there is a repugnancy between the new and the old law so positive as to be irreconcilable: Barber's Case, 86 Pa. 392; Seifried v. Commonwealth, 101 Pa. 202. A previous act of February 2, 1854, had made taxes a lien simply by their assessment, without being registered, and the object of this act of 1858 appears to have been to restore the system of registration, which had been created by the act of 1846, in a new form, and at the

Opinion of Court below.

same time to re-assert that they are still to be a lien on real estate, in accordance with the act of 1824. Nothing whatever is said as to the mode of enforcing this claim, and we find nothing to justify us in saying that its provisions are so "irreconcilable" as to repeal the eminently just provisions of the act of 1846. That act gives ample security to the city, and affords its citizens some protection against perpetual liens on their real estate. This point we have already orally decided in Philadelphia v. Ryers, 27 W. N. 71.

It is further contended on behalf of the city that, if the act of 1846 is still operative, a claim having been filed in this case, is "suit brought" as required by that act. To this point no authority is cited. The act of 1836 provides that every person entitled to a lien "shall file a claim or statement of his demand," or, as would be said in the case of individuals, must send in his bill. And it would seem as unjust in the one case as in the other to say that the debtor has been sued. As was said by Judge Mercur in O'Byrne v. Philadelphia, 93 Pa. 227, "Every essential requirement of this act (1846) should be observed. The necessity is the same, whether the object be to sell for the non-payment of taxes, or for a municipal claim."

And the legislature themselves seem very clearly to have distinguished between "a claim" and "a suit;" for whereas, in the act of 1845 they provided that "if so registered, the lien shall continue for five years from the first day of January, in the next year succeeding that in which such tax was due, and no longer, unless a claim for the same shall be filed in the office of the prothonotary of the proper court, within the said term of five years," they, in the act of 1846, say that the lien shall expire at the end of five years, "unless suit be brought to recover the same, as it now is or may be provided by law for the recovery of the same, and duly proceeded in to judgment;" so that, while "a claim filed" was sufficient under the act of 1845 to continue a lien, nothing less than "a suit duly proceeded in to judgment" would do so under the act of 1846.

Probably there are no two terms in more frequent use and better understood than these. For over half a century very few of our citizens have not had brought home to them, in a practical way, either by the city or by mechanics or material men, the ingenious devices by which their property can be

encumbered.   The privilege of being sued, before the time of lien can be doubled, is a distinct gain, and was, we think, intended as an act of beneficence by the legislature.   By the act of May 4, 1889, P. L. 79, the lien of these taxes is limited to two years, unless entered of record, and limited to five, if recorded, unless revived and continued by "writ of scire facias within said period and duly prosecuted to judgment," showing that at the very last session of the legislature it was their clear intention then, as before, to put an end to perpetual liens. This they did by this law applicable to the whole state.

Judgment is therefore entered for the defendant on the point reserved, non obstante veredicto.

—The plaintiff thereupon took the appeal to No. 276, specifying that the court erred in entering judgment for the defendant on the point reserved, non obstante veredicto, and in not entering judgment for the plaintiff on the point reserved.

On December 26, 1877, the city of Philadelphia filed a municipal claim for $58.70, for city taxes, interest, etc., for the years 1872, 1873, and 1874, against Mrs. Baker, owner, etc., and Abanus Bennett, registered owner of certain property described.   On November 22, 1882, a scire facias was issued on said claim, and on October 17, 1887, a judgment was entered in favor of the plaintiff for $92.70, for want of an affidavit of defence.

On January 14, 1891, a rule was granted to show cause why the judgment entered should not be stricken off and the writ of scire facias quashed; and on January 17, 1891, said rule was made absolute, without opinion filed.   Thereupon, the plaintiff took the appeal to No. 310, assigning the order making said rule absolute, for error.

*Mr. A. M. Beitler* (with him *Mr. Isaac H. Shields* and *Mr. Chas. F. Warwick*), for the appellant.

Counsel cited: Section 1, act of February 3, 1824, P. L. 18 (8 Sm. L. 189) ; §§ 9, 10, act of April 16, 1840, P. L. 410 ; act of April 5, 1844, P. L. 199 ; § 3, act of April 16, 1845, P. L. 489 ; § 1, act of March 11, 1846, P. L. 114 ; § 11, act of February 2, 1854, P. L. 29 ; § 2, act of April 21, 1858, P. L. 385 ; Wallace's Est., 59 Pa. 401.   As to the meaning of the

phrase, unless suit be brought: Grape St., 103 Pa. 121; Weston v. Charleston, 2 Pet. 449; Knabb's App., 10 Pa. 192; Foster v. Fowler, 60 Pa. 30.

*Mr. Robert H. Neilson* (with him *Mr. James Rich Grier*), for the appellees.

As to repeal by implication, counsel cited: Barber's Case, 86 Pa. 392, 400; Seifried v. Commonwealth, 101 Pa. 202; Williamsport v. Brown, 84 Pa. 438; Street v. Commonwealth, 6 W. & S. 212; Easton Bank v. Commonwealth, 10 Pa. 448; Brown v. Commissioners, 21 Pa. 42; Rhein Building Ass'n v. Lea, 100 Pa. 210; Burd v. Ramsay, 9 S. & R. 109; Allegheny City's App., 41 Pa. 60; Smaltz v. Donohugh, 11 W. N. 219; Philadelphia v. Scott, 93 Pa. 25; O'Byrne v. Philadelphia, 93 Pa. 225. As to "unless suit be brought:" Stephen's Pl., *429; Gilbert's C. P., 48; 3 Bl. Com., *295; Philadelphia v. Scott, 93 Pa. 25; Fulton's Est., 51 Pa. 204; Meason's Est., 4 W. 344; Hunter v. Lanning, 76 Pa. 25; Ely v. Wren, 90 Pa. 148.

## No. 276.

PER CURIAM:

This judgment is affirmed, upon the opinion of the learned judge of the court below.

Judgment affirmed.

## No. 310.

PER CURIAM:

All the questions presented by this record are ruled by Philadelphia v. Hiester, just decided.

Judgment affirmed.