# Philadelphia, Appellant, *v.* Kates.

*Lien of registered taxes in Philadelphia, under Act of March* 11, 1846.

The lien of a registered tax is not preserved by the issuing of a scire facias more than five years from the first of January next after the tax is due, although it is within five years from the filing of the claim: Phila v. Scott, 93 Pa. 25, and Phila. v. Hiester, 142 Pa. 39.

*Preservation of lien for another period by sci. fa.*

The lien of such registered taxes is preserved for another period of five years by the issuing of a scire facias within the first five years.

*Taxes—Lien—Statutes—Implied repeal—Acts,* 1879, 1883.

The Act of April 16, 1879, P. L. 24, creating a collector of delinquent taxes and providing, in § 5, that taxes thereafter registered in cities of the first class shall be a lien until fully paid, etc., is repealed by implication by the Act of April 19, 1883, P. L. 9, abolishing the office of tax collector and providing, in a system, directed to the receiver of taxes, complete in itself, practically identical with that prescribed by the Act of 1879, but not referring to or depending on that Act in any respect, and providing, in a section occupying a corresponding place in the arrangement and description of the system prescribed, "that, in all cases where the taxes shall remain unpaid for one year after they shall have become delinquent, it shall be the duty of the receiver of taxes to file liens, keep the same revived and proceed to collect them from time to time," etc.  Section 5 of the Act of 1879 was a part of the system provided by that Act, is *in pari materia* with the corresponding section in the Act of 1883, and, moreover, the direction to file liens and keep them revived is irreconcilable with the continuance of the lien under the prior Act.

*Constitution—Local laws—Tax lien in cities of first class.*

It is doubtful if a statute providing a perpetual lien for taxes in cities of the first class is valid, under art. III., § 7 of the constitution, prohibiting local or special laws authorizing the creation, extension or impairing of liens.

*Practice—Opening judgments—Taxes whose lien is gone.*

Where a judgment is entered for want of an affidavit of defence on a sci. fa. to collect taxes whose lien is gone, the judgment should not be opened on appeal for invalidity of the lien.  The taxes may still be due and collectible although the lien is gone.  The opening of the judgment in such case is a matter for the court below.

Argued March 28, 1892.  Appeal, No. 146, Jan. T., 1892, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1888, No. 221, striking off liens for taxes and judgment thereon and quashing sci. fa.  Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

It appeared from the record that the city filed a lien Nov. 15, 1888, for registered taxes for 1883-7. Nov. 25, 1890, a sci. fa. was issued to collect the lien. June 12, 1891, judgment was obtained for want of an affidavit of defence. Oct. 12, 1891, a rule to strike off the lien for taxes of the years 1883-7 and judgment thereon, and quash the sci. fa., was entered; and on Nov. 28, 1891, the court made the rule absolute.

*Error assigned* was making absolute the rule.

*Chas. B. McMichael,* Assistant City Solicitor, with him *Isaac H. Shields,* Assistant City Solicitor, and *Chas. F. Warwick,* City Solicitor, for appellant, cited, in addition to the cases in the opinion, Cornelius v. Junior, 5 Phila. 171.

*James Rich Grier,* for appellee, cited, also, Phila. v. Baker, 142 Pa. 39; Taylor's Ap., 1 Adv. R. 274; City v. Haddington M. E. Church, 115 Pa. 299.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The main feature of this case is governed by City of Phila. v. Scott, 93 Pa. 25, and City of Phila. v. Hiester, 142 Pa. 39. In the former it was held that the meaning of the words "duly proceeded in to judgment" in the first section of the Act of March 11, 1846, P. L. 114, was settled by the construction of the second section of the Act of March 20, 1827, 9 Smith's Laws, 304, authoritatively given in Fulton's Estate, 51 Pa. 204. In deference to the urgency of counsel and the importance of the question to the city of Philadelphia, a re-argument was had, and after mature consideration the court adhered to its previous opinion. In City v. Hiester the same question again arose, and after a careful and independent examination of the statutes Judge Biddle reached the same conclusion as this court had in City v. Scott, though that case does not seem to have been brought to his attention. City v. Hiester was affirmed in this court on his opinion. The question therefore must be considered as settled.

The precise point decided in the foregoing cases was that the lien of a registered tax under the Act of 1846 is not preserved by the issue of a scire facias more than five years from the first of January next after the tax is due, although it is within five years from the filing of a claim. The question

raised in the present case is the exact converse, i. e., whether the lien is preserved for another period of five years by the issue of a scire facias within the first five. A brief examination of the statute will show that it must be so as a necessary corollary from the other proposition.

By the Act of April 16, 1845, § 3, P. L. 489, a registered tax was a lien "for five years from the first day of January in the year next succeeding that in which such tax was due, and no longer, unless a claim for the same" should be filed in the prothonotary's office, and, if so filed, the lien continued for a new period of five years from that date. No provision was made for notice to the property owner, and this extension of the lien by the mere filing of the claim, while not exactly a secret was an indefinite lien as to its point of commencement, which could only be learned by constant watching of the prothonotary's office. As such it was a burden and a hardship upon the property owner which the legislature recognized and remedied the next year. By the Act of March 11, 1846, § 1, P. L. 114, so much of the third section of the Act of 1845 as required claims to be filed in the prothonotary's office and made them a lien for five years from the date of such filing was repealed, and it was provided that all taxes registered (as theretofore) in the county commissioner's office should "cease to be liens after the expiration of five years from the first day of January in the year succeeding that in which they became due unless suit be brought to recover the same," etc. The bringing of a suit was substituted for the filing of a claim, as the means of continuing the lien; but with this alteration the provision that the lien should cease, "unless," etc., meant that, in the stipulated case, i. e. the bringing of suit, the lien should continue under this Act, as it would have continued under the previous Act by the filing of the claim. The intent of both Acts was the same, the only difference was in the means.

The present suit was brought for the taxes of 1883, 4, 5, 6 and 7. By the fact of registry the taxes of 1885 were a lien until the end of 1890, and the scire facias was issued in November of that year. It was clearly in time as to the taxes of 1885 and the subsequent years, and therefore neither the claim nor the judgment should have been stricken off, nor the scire facias quashed.

Whether the judgment should be opened as to the taxes of 1883 and 1884 depends upon other considerations. It is claimed by appellant that said taxes are still a lien by virtue of section five of the Act of April 16, 1879, P. L. 26, while it is contended for appellee that this section is repealed with the rest of the Act by the Act of April 19, 1883, P. L. 9.

The Act of 1879 is entitled "An Act to provide for the more efficient collection of delinquent taxes in cities of the first class, and for the preservation of the lien of the same," and contains seven sections. The first three prescribe the duties of the collector of delinquent taxes and the methods of performance, the fourth provides for title in the purchasers at tax sales, subject to redemption, the sixth for the appointment of deputy collectors and the seventh for the repeal of inconsistent Acts, etc. The fifth, with which we are specially concerned, will be noticed hereafter. The Act of 1883 is entitled "An Act to abolish the office of the collector of all outstanding or delinquent taxes, to authorize and empower the receiver of taxes to collect the delinquent taxes and to provide for the more efficient collection of said taxes in cities of the first class." The first section abolishes the office of collector of delinquent taxes after April 7, 1884. The next four sections prescribe the duties of the receiver in respect to such taxes, the method of performance, and the effect of sales, and, with addition of an express power of distraint, and some slight alterations of phraseology, are almost verbatim re-enactments of the corresponding sections in the Act of 1879. The seventh to the thirteenth sections relate to deputies, the payment of collections to the city treasurer, the imposition of penalties for delay by taxpayers in making payments, etc., not relevant to the present inquiry. The system thus provided is both nominally and substantially upon the same subject-matter, is complete in itself, is directed to the receiver of taxes, and, though practically identical with that prescribed by the Act of 1879 for the collector, whose office is abolished, does not refer nor depend in any respect upon that Act. There can be no doubt therefore that the Act of 1883 repeals the Act of 1879 as an entirety, unless § 5 is to be excepted. This we come now to consider. It provides that "all taxes, rates and levies hereafter registered shall remain liens on the real estate against which they are assessed,

until fully paid and satisfied and shall not be divested by any judicial sale upon any claim, except to the extent to which distribution shall be made out of the proceeds of such sale on account of such taxes, rates and levies." Section sixth of the Act of 1883, which occupies the corresponding place in the arrangement and description of the system prescribed, is as follows: "In all cases where the taxes shall remain unpaid for the period of one year after the same shall have become delinquent, it shall be the duty of the said receiver of taxes to procure forthwith an accurate description . . . . . and to file liens, keep the same revived, and proceed to collect the same from time to time. In the event of any judicial sale other than upon a lien for said taxes, said taxes, charges and levies shall be discharged only to the extent to which they shall be paid by said sale." These two sections are exactly *in pari materia*. They relate to the duration of the lien and its discharge. The Act of 1879 is extremely harsh. It not only gives an indefinite lien which is contrary to the whole spirit of our lien laws, but if its terms be taken literally it makes the discharge depend upon the fact of distribution of a fund for the ascertainment of which there is no adequate provision, and which, after a few years and the change of sheriffs and tax receivers, becomes of great practical difficulty. There was another feature of it still more serious in the doubt how far a perpetual lien for taxes in cities of the first class might be consistent with the provisions of art. 3, sect. 7 of the constitution, prohibiting local or special laws authorizing the creation, extension or impairing of liens. The corresponding section of the Act of 1883 not only occupies the same place in the scheme, but is upon the same subject. It provides inferentially that a sale for taxes shall discharge the lien in any event, and expressly that any other judicial sale shall discharge it to the extent to which the taxes shall be paid, i. e., legally payable out of the proceeds. But what is conclusive on the subject of repeal, is the direction to the receiver of taxes to file liens and "keep the same revived." Under the Act of 1879 the mere registry of the tax made it a perpetual lien until actual payment. The direction to file liens and keep the same revived is irreconcilable with the continuance of the lien under the prior Act. We are clearly of opinion therefore that the

fifth section of the Act of 1879 was a part of the system, and was repealed with the rest of the Act.

The lien of the taxes for 1883 and 1884 therefore had expired before the issue of the scire facias and is not saved by the Act of 1846. Whether the judgment should be opened as to them, may however depend upon other matters. The taxes may be still due though the lien is gone, and may be collectible from the owner or from the property if yet in the same hands. These and other considerations will address themselves to the discretion of the court below. They have not been argued here and we express no opinion upon them.

> Judgment reversed, and the claim and judgment thereon reinstated.