## Philadelphia *v.* Reeves.

*Tax lien—Striking off judgment—Act of March* 11, 1846, *P. L.* 114.

A tax lien for the taxes for the years 1880, 1883 and 1884, of the city of Philadelphia filed on September 15, 1885, will not be stricken off in 1900, because the scire facias was not issued until February 27, 1890, more than five years after the first of January following the last year for which any of the taxes became due, where it appears that the scire facias was served on the owner, and judgment entered for want of an affidavit of defense on November 25, 1891, and that the judgment was twice revived after that date.

If an application to strike off a tax lien for the reason that suit was not brought within the statutory period, is made in due time, it must be granted, but if the defendant permits the lien to be proceeded in to judgment, he must exhibit grounds which warrant the striking off or the opening of the judgment, in order to strike off the lien which he has permitted to ripen into a judgment.

Argued Oct. 18, 1900. Appeal, No. 145, Oct. T., 1900, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1885, No. 131, M. L. D., discharging rule to strike off tax lien in case of City of Philadelphia *v.* William S. Reeves, defendant, and J. Bolton Winpenny, terre-tenant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to strike off tax lien.

From the record it appeared that the lien was as follows:

"THE CITY OF PHILADELPHIA
v.
WILLIAM S. REEVES, Owner or Reputed Owner or whoever may be Owner.
WILLIAM S. REEVES, Registered Owner.

In the Court of Common Pleas No. 4, of the City and County of Philadelphia of June Term, 1885. No. 131, M. L. D.

"The city of Philadelphia hereby files a claim against All

that certain lot or piece of ground Situate on the Western side of the Rail Road in the 20th Ward of the City of Philadelphia at the distance of 124 feet $2\frac{7}{8}$ inches South of Montgomery avenue Containing in front 12 feet $\frac{1}{4}$ inch and in depth on the North line thereof 50 feet $6\frac{7}{8}$ inches and on the South line thereof 51 feet $4\frac{3}{8}$ inches. On which is erected a two-story brick house No. 1752. For City taxes duly rated and assessed upon said property and registered for non-payment according to law, together with the interest and other charges lawfully due thereon, as follows, to wit:

| | | |
|---|---:|---:|
| " City taxes for the year 1880 . . . | $21 | 15 |
| Interest . . . . . . . | 5 | 92 |
| City taxes for the year 1883 . . . . | 19 | 58 |
| Interest . . . . . . . | 1 | 96 |
| City taxes for the year 1884 . . . . | 19 | 58 |
| Interest . . . . . . . | | 78 |
| Commissions, penalty and costs . . . | 6 | 30 |
| | $75 | 27 |

" Altogether being the sum of seventy-five dollars and twenty-seven cents with interest from the date of filing, which is claimed as a lien against said premises, whoever may be the owner or owners thereof agreeably to the several Acts of Assembly in relation thereto.

" KINLEY J. TENER,

" Solicitor for Receiver of Taxes
of the City of Philadelphia.

" Filed September 15, 1885."

The affidavit for rule to strike off lien was as follows :

J. Bolton Winpenny, being duly sworn, according to law, deposes and says that he is the owner of the premises, 1752 Rail Road, more particularly described below.

That the lien filed in the above case is for the city taxes for the years 1880, 1883 and 1884. That no scire facias on said lien was issued until February 27, 1890, more than five years after the first of January following the year for which said taxes were due, as appears from the copy of docket entries below.

The Act of March 11, 1846, P. L. 114, provided as follows :

" All taxes registered as aforesaid, shall cease to be liens after the expiration of five years from the first of January in the year succeeding that in which they became due, unless suit be brought to recover the same, as it now is or may be provided by law for the recovery of the same, and duly proceeded in to judgment; and thereafter the lien of such judgments and the transcripts filed of those recovered before magistrates, shall be and continue liens as in other judgments."

It appeared from the record that scire- facias was served on the present appellant and judgment entered for want of an affidavit of defense on November 25, 1891. On December 9, 1898, and again on May 2, 1900, judgments of revival were entered. The rule to strike off the lien was entered on October 25, 1899, and discharged on January 6, 1900. This appeal was taken on June 27, 1900.

*Error assigned* was the order of the court.

*John Dolman*, for appellant.—The case at bar is ruled by Philadelphia v. Hiester, 142 Pa. 39, Philadelphia v. Baker, 142 Pa. 43, Philadelphia v. Kates, 150 Pa. 30, and Philadelphia v. Browning, 13 Pa. Superior Ct. 164.

A judgment void upon its face should be stricken off. The fact that it cannot be enforced does not justify the court in refusing to strike it off, because it is a cloud upon the title against which a defendant is entitled to be relieved: McKinney v. Brown, 130 Pa. 365.

If a judgment is void upon its face, no lapse of time can give it validity: 12 Am. & Eng. Ency. of Law, 605, title " Laches."

*Alfred S. Miller*, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.—This appeal should not prevail because appellant seeks to evade payment of a just debt upon technical reasons: Philadelphia v. Hiester, 142 Pa. 39; Philadelphia v. Kester, 149 Pa. 22; Lee v. Drake, 10 Pa. C. C. R. 276.

The appellant has been grossly negligent in not presenting his defense for nine years after judgment, and should be barred by his laches: City v. Michener, 7 W. N. C. 558; Philadelphia v. Thurlow, 5 Pa. Superior Ct. 600; Philadelphia v. Wallace,

7 Pa. Dist. Rep. 721; Smith v. Clay, 3 Brown's Chan. Cases, 639 *n;* Price's App., 54 Pa. 472; Germantown Pass. Ry. Co. v. Fitler, 60 Pa. 133; Power's App., 125 Pa. 186; Richard's App., 127 Pa. 63.

The entire subject having been fully heard and considered by the court below and decided adversely to appellant, the only question is whether the lower court properly exercised its discretion: Kelber v. Pittsburg Plow Co., 146 Pa. 485; Jenkintown National Bank's App., 124 Pa. 339; Mullet v. Hensel, 7 Pa. Superior Ct. 524; Walsh v. Ashford, 9 Pa. Superior Ct. 566; Green v. Boyd, 13 Pa. Superior Ct. 651; Philadelphia v. Browning, 13 Pa. Superior Ct. 164.

A judgment should not be opened simply to permit a defendant to plead a statute of limitations: Woods v. Irwin, 141 Pa. 279.

This appeal seeks to compel the court below to open a judgment which is purely an equitable action, and unless the application is based upon strong equity it should not prevail: Welton v. Littlejohn, 163 Pa. 205.

OPINION BY WILLIAM W. PORTER, J., January 22, 1900:

The city of Philadelphia filed a lien for taxes for the years 1880, 1883 and 1884, on September 15, 1885. The scire facias was not issued until February 27, 1890, more than five years after the first of January following the last year for which any of the taxes became due. The scire facias was served upon the present appellant and judgment was entered for want of an affidavit of defense, November 25, 1891. On December 9, 1898, a judgment of revival was entered on two returns of nihil habet. On October 25, 1899, a rule was entered to strike off the lien, which, on January 6, 1900, was discharged. On February 8, 1900, a scire facias was again issued to revive, and on May 2, 1900, a judgment was again entered on two returns of nihil habet. On June 27, 1900, an appeal was taken to this court from the order discharging the rule to strike off the lien.

This case is believed to be the first to stand alone upon the right to strike off the lien. The rule is uncoupled with any direct request to open the judgment. We are pointedly told that the judgment is not to be opened, but that the lien alone is to be stricken off. In this way the appellant doubtless

hopes to escape the application of equitable principles to a decision of his case. But let us regard the application as simply a rule to strike off the lien. To agree with the appellant means that we must close our eyes to the existence of an intervening judgment, now twice revived, and go back to the inception of the action. What, it may be asked, becomes of the judgment, if the lien be stricken off? To aid the appellant it must be contended that the judgment falls with the lien. The effect, then, of striking off the lien is to strike off the judgment. The proceedings which warranted the entry of judgment contain no defect to which our attention has been called. The lien is only a right given to aid the city in the collection of debts due for taxes. The debt may well be due, though the lien may not have been closely followed up by the scire facias. By the delay in issuing the scire facias, we cannot assume that the debt has been paid, or that it appears with certainty that the plaintiff was not entitled to judgment. It may be that the omission to set up the right to strike off the lien was intentional, or it may have been by agreement that the issuance of the scire facias was postponed.

Our conclusion is, in the light of all of the authorities, that if the application to strike off the lien for the reason here alleged is made in due time, as in Philadelphia v. Heister, 142 Pa. 39, it must be granted, but if the defendant permits the lien to be proceeded in to judgment, he must exhibit grounds which warrant the striking off or the opening of the judgment, in order to strike off the lien which he has permitted to ripen into a judgment: Philadelphia v. Kates, 150 Pa. 30; Philadelphia v. Browning, 13 Pa. Superior Ct. 164. If, in violation of the appellant's suggestion, we regard this case as a rule to open, no equity appears, from the facts above recited, to sustain the application.

The order of the court below is affirmed.