# City of Philadelphia *v.* Edmund Browning, Owner, etc., and Registered Owner, Appellant.

*Taxes—Scire facias sur claim—Lien—Judgment.*

The lien of registered taxes on real estate is lost unless a scire facias sur claim is issued before the expiration of five years from the 1st day of January following the year for which the taxes were assessed; but where the lien filed comprises taxes for more than one year, and the lien of the taxes for some of the years was lost before the issuance of the sci. fa., after judgment is obtained, it cannot be divided, and that relating to the invalid years be stricken off.

*Equity—Opening judgment—Tax claim.*

An application to strike off so much of a judgment on a tax claim as relates to the taxes for some of the years specified in the claim because they had lost their lien before the sci. fa. was issued, will be regarded as a motion to open the judgment, and unless there be some equity which appeals to a chancellor, the application will be refused. Where the taxes are still due, though the lien be gone, they may be collected from the owner, or from the property, if still in the same hands, and a judgment for them will not be opened or stricken off.

Argued Dec. 16, 1899. Appeal, No. 205, Oct. T., 1899, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1888, No. 203, M. L. D., discharging rule to strike off lien and judgment and quash sci. fas. as to part of the lien. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Rule to strike off rule and judgment.

On October 30, 1888, the city of Philadelphia filed a claim for $6.84 for registered taxes for the years 1883, 1885, 1886 and 1887, against a lot of ground on the east side of Thirty-first street in the twenty-sixth ward of the city of Philadelphia, sixty-five feet north of Moore street, front sixteen feet and depth sixty-one feet. On September 9, 1890, an affidavit under the act of June 10, 1881, that the owner of the lot could not be found, was filed, and on the same day an affidavit of the service of notice under the act of March 23, 1866, that the sci. fa. would issue was also filed. On October 8, 1890, a sci. fa. issued returnable to the first Monday of November, 1890, which the sheriff returned, was "made known by posting October 18,

1890, being two weeks before the return day of the within writ, a true and attested copy of the within writ upon a conspicuous part of the premises herein described, and by advertising a notice thereof twice a week for two weeks before the return day, in The Evening Herald, a daily newspaper published in the city of Philadelphia, agreeably to the act of assembly in such case made and provided, and nihil habet as to Edward Browning, owner, etc., and registered owner." On June 6, 1890, judgment was obtained for want of an affidavit of defense, and on the same day damages were thereon assessed. On January 23, 1896, a sci. fa. to revive the judgment was issued and was so proceeded in that on May 20, 1896, a judgment of revival was obtained on two returns of nihil habet; on the same day damages were thereon assessed. On October 31, 1899, a rule was entered on plaintiff to show cause why the lien and judgment should not be stricken off, and the sci. fas. quashed as to taxes for the year 1883, and the reason filed set forth that the sci. fa. sur claim issued more than five years after the 1st of January next after the taxes for the year 1883 were due, and that it was therefore too late. On November 4, 1899, the court discharged the rule. Defendant appealed.

*Errors assigned* were (1) in discharging defendant's rule. (2) In refusing to make the same absolute. (3) In not holding that the lien for the taxes for the year 1883 had ceased and determined before the entry of judgment, because the writ of scire facias did not issue within five years from the 1st of January in the year succeeding that in which the taxes for the year 1883 were due.

*Alfred R. Haig,* with him *Henry C. Thompson, Jr., Dwight M. Lowrey* and *William F. Harrity,* for appellant.—The lien of registered taxes in Philadelphia is not preserved by the issuing of a sci. fa. more than five years from January 1, next after the taxes are due, although it is within five years of the filing of the claim. Section 1 of the Act of March 11, 1846, P. L. 114, is not repealed by section 2 of the Act of April 21, 1858, P. L. 385: Phila. v. Hiester, 142 Pa. 39; Phila. v. Baker, 142 Pa. 39, 43; Phila. v. Kates, 150 Pa. 30; Phila. v. Ryers, 27 W. N. C. 71; Phila. v. Allert, 29 W. N. C. 113.

The Act of February 3, 1824, P. L. 18, did not prescribe any duration to the lien of taxes. This was done by the Act of April 16, 1845, P. L. 488, and that of March 11, 1846, P. L. 114.

The filing of the claim on October 30, 1888, was not bringing suit under the meaning of the act of 1846, and the sci. fa. of October 8, 1890, was too late so far as concerns the taxes for the year 1883 : Phila. v. Hiester, 142 Pa. 39 ; Phila. v. Baker, 142 Pa. 39.

The defendant's motion should have been granted, as was done in City v. Allert, 29 W. N. C. 113.

*Alfred S. Miller,* assistant city solicitor, with him *James Alcorn,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellee.—The appellant claims that the act of April 16, 1846, operates as a statute of limitations. He should have availed himself of such rights as he possessed under this statute before judgment was entered by the court below.

After the entry of judgment the defendant is not entitled to equitable relief: City v. Michener, 7 W. N. C. 558 ; Phila. v. Thurlow, 5 Pa. Superior Ct. 600.

The judgment will not be opened to permit a defendant to plead a statute of limitations : Woods v. Irwin, 141 Pa. 278.

The rule to strike off was irregular. It did not set forth the amount which should be stricken off.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900 :

The rule is that registered taxes lose their lien after the expiration of five years from the first of January of the year following that for which they become due, unless suit be brought to recover the same and be duly proceeded in to judgment: Philadelphia v. Hiester, 142 Pa. 39 ; Philadelphia v. Kates, 150 Pa. 30. It is argued in this case that the taxes for the year 1883 were included in the lien filed, and that the sci. fa. was not issued upon the lien until October 8, 1890. We are asked to say that the amount of the taxes for the year 1883 should be stricken from the judgment entered upon the sci. fa. It is to be noted not only that a judgment was entered on the sci. fa. in due course, but that a sci. fa. to revive was proceeded in to judgment entered May 20, 1896. This application to strike off was deferred until November 10, 1899. The judgment so

entered and revived included the taxes for four different years. As to all of the years, save 1883, it was confessedly regular. The amounts of the claims for the several years were consolidated into one amount, which is the face of the judgment. How we are to strike off a part of an indivisible judgment it is difficult to see. The application must, in the first instance, therefore, be regarded as a motion to open. This invokes an equitable intervention. There is nothing in the plaintiff's motion which appeals to the chancellor. The plaintiff does not say that he has paid his taxes, nor that he has any good reason for his failure to pay.

The lien of the taxes for 1883 had undoubtedly expired before the issue of the sci. fa., but " the taxes may be still due, though the lien is gone, and may be collectible from the owner or from the property, if in the same hands: " Philadelphia v. Kates, supra. No precedent has been cited by the appellant from the cases decided by the appellate courts for striking off a judgment founded upon a tax lien upon the grounds laid here. That may be fatal to the lien itself which, after the reduction of the lien to a judgment, may not be fatal to the judgment.

We are of opinion that no error was committed in this case by the refusal to strike off, and the order of the court below is, therefore, affirmed.