# Philadelphia *v.* Allen.

*Tax lien—Judgment—Opening judgment.*

An application to open a judgment entered on a tax lien in Philadelphia county is addressed to the sound discretion of the court below.

Argued Dec. 10, 1901. Appeal, No. 157, Oct. T., 1901, by James D. Scott, from order of C. P. No. 1, Phila. Co., Dec. T., 1877, No. 172, M. L. D., discharging rule to open judgment in case of City of Philadelphia v. Clayton Allen. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment entered on a tax lien.

*Error assigned* was order discharging rule.

*Clinton Rogers Woodruff* and *William D. Neilson*, for appellant.

*Alfred S. Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY W. D. PORTER, J., April 21, 1902:

This case presents the same questions which were involved in Philadelphia v. Unknown Owner, in which an opinion has this day been filed. The property assessed was described in the same manner as in the other case, but the owner is in the present proceeding designated as Clayton Allen and the record

shows that the original scire facias was served upon the person so designated as owner, in the manner required in serving a summons. We have here therefore a record which shows a service upon the person who was assessed as owner. The taxes were for the years 1872, 1873 and 1874. The claim was filed December 26, 1877, but the original writ of scire facias did not issue until November 24, 1882, and judgment was entered for want of an affidavit of defense on October 18, 1887. No attempt had been made by the owner of the property to return a description of his property for registration by the proper city officer in accordance with the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600. Judgment was, on October 18, 1887, regularly entered against the property and Clayton Allen, who was designated as the owner and served with the writ of scire facias, which judgment was afterwards revived from time to time. The appellant, on March 14, 1901, presented his petition containing substantially the same averments recited in Philadelphia v. Unknown Owner, praying that the judgment be opened and he be permitted to defend. We have held in the other case, upon the authority of Philadelphia v. Kates, 150 Pa. 30, Philadelphia v. Browning, 13 Pa. Superior Ct. 164, and Philadelphia v. Reeves, 15 Pa. Superior Ct. 535, that this was a matter addressed to the discretion of the court below, and are not satisfied that in the conclusion reached any abuse of discretion was involved.

The order of the court below is affirmed.