## Philadelphia v. Lukens, Appellants.

*Municipal lien—Judgment on scire facias—Question of fact—Rural property.*

A judgment entered on a scire facias sur municipal lien for water pipe, is conclusive as to all questions of fact, and after the entry of such judgment neither the parties nor any persons claiming under them, will be permitted to raise the question whether the property liened was or was not rural in character.

*Municipal liens — Registration of property — Philadelphia — Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600.*

The Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, relating to the registration of property in Philadelphia, do not make in-

valid, liens filed against property in the name of another than the registered owner, but before the lien can be effectively enforced by a sale of the property, the owner, if he has registered his title must be made a party to the proceeding, and the property must be sold in his name. When the real owner is made a party to the proceedings and service of the writ is made on him his title becomes bound without regard to who the registered owner may be.

In an application to open a judgment entered on a scire facias sur municipal lien, the burden is upon the defendant to establish his right to the equitable relief prayed for, and if this right is not clearly established, the chancellor in the exercise of his equitable discretion may refuse the application.

Argued Oct. 13, 1902. Appeal, No. 69, Oct. T., 1902, by Provident Life & Trust Company of Philadelphia and Thomas Leaming, executors and trustees, from order of C. P. No. 2, Phila. Co., March T., 1874, No. 658, discharging rule to open judgment in case of Philadelphia v. Charles Lukens. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Reynolds D. Brown*, with him *Malcolm Lloyd, Jr.*, and *Charles H. Burr, Jr.*, for appellants, cited: Simons v. Kern, 92 Pa. 455 ; Wolf v. Philadelphia, 105 Pa. 25.

*James Alcorn*, assistant city solicitor, with him *John M. Patterson* and *John L. Kinsey*, city solicitor, for appellee, cited: Phila. v. Unknown Owner, 149 Pa. 22.

OPINION BY W. D. PORTER, J., March 12, 1903 :
The Provident Life & Trust Company, of Philadelphia, and Thomas Leaming, executors and trustees under the will of George W. Lukens, deceased, on May 2, 1901, presented their petition upon which a rule was granted to show cause, first, why they should not be admitted to intervene as defendants in the above proceeding, and, second, why the judgment entered January 26, 1898, in said proceeding should not be opened,

and the petitioners allowed to defend.   There was attached to and made part of the petition a copy of the docket entries in the proceeding, and the petitioners based their right to the relief prayed for upon the following allegations of fact: " That the proceedings in the above entitled cause were begun by the filing, on March 29, 1874, of a claim of $200 for water pipe against a lot of ground situate on the southwest corner of Orthodox and Bermuda streets, in the city of Philadelphia.   That the lien was filed against a certain Charles Lukens.   That at the date of the filing of said lien, the property against which the lien was filed, was not and never had been the property of Charles Lukens, but was the property of Eliza Lukens, and had been conveyed to her, inter alia, by John Ruppell et al., by deed dated December 28, 1867, and recorded March 27, 1869.   That said Eliza Lukens thereafter, to wit: on January 22, 1888, died intestate seized of said land, which thereupon passed under the intestate laws of the state of Pennsylvania to her surviving husband, Charles Lukens, as tenant by the courtesy for his life.   That said Charles Lukens died during the year 1889, and said premises at his death passed, under the intestate laws, to George W. Lukens, only son of said Charles W. Lukens and Eliza Lukens, and the said property remained in the possession of said George W. Lukens from the year 1889 until his death on March 16, 1899.   That by his will, which was duly proved, the said George W. Lukens appointed your petitioners as executors and trustees of his estate.   That the lot of ground against which this lien was filed was during the year 1874, and for a long time thereafter, assessed as suburban property, and that your petitioners are informed and believe and expect to be able to prove that during the year 1874 the said lot of ground was as a matter of fact rural property ; and your petitioners are advised that, as said property was rural property, and as the lien was filed against a person who was not the registered owner of said property, the lien was irregular and void."   The docket entries, as printed in the paper-book of the appellants, show that the claim was filed on March 29, 1874 ; that on April 12, 1879, by a writing filed of record, it was suggested that Eliza Lukens was the actual owner of the premises and she was made a party to the proceeding, that upon the same day affidavits of service of notice were filed, and a writ of

scire facias issued returnable to the first Monday of May, 1879, upon which writ service was accepted by the defendants, and, on May 15, 1882, judgment was entered for want of an appearance and the damages assessed. Alias writs of scire facias were issued in April and May, 1887, and upon two returns of nihil judgment was, on June 24, 1888, again entered for want of an appearance. The lien was again revived by the issuance of writs of scire facias before it had expired, and the final judgment was entered on January 26, 1898. The city filed an answer to this petition, testimony was taken, and after a hearing the learned court below discharged the rule; whereupon the petitioners appealed.

The petitioners confined their attack to the last judgment, and it is certainly doubtful whether the opening of that judgment would have accomplished the end which they sought so long as the earlier judgments were permitted to stand unquestioned: Cardesa v. Humes, 5 S. & R. 65; Davidson v. Thornton, 7 Pa. 128; Warder v. Tainter, 4 Watts, 270; Yaple v. Titus, 41 Pa. 195; Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. The case has been presented and argued here, however, as if all the proceedings were involved, and we will so consider it. The appellants challenged the validity of the lien upon two grounds: (1) Because of the fact that the property was rural in character it was not subject to a lien for laying water pipes; (2) the lien was not filed against the registered owner of the land. The record was regular upon its face and this no doubt determined the course of the appellants in moving to open the judgment, instead of to strike off the entire proceeding. The objection to the lien upon the ground that the property was rural involved a question of fact, and every question of that character was, as against the parties to the proceeding and all who claim under them, conclusively determined by the entry of judgment upon the scire facias. When the appellants presented their petition to open the judgment the court below was justified in assuming that they had presented their whole case; those representing the city were not required to do more than answer the petition; they could not foresee that the appellants would produce evidence which practically contradicted the averments of the petition. The petition averred that at the time the lien was filed, in 1874, the land was the property

of Eliza Lukens, who continued to own it until her death in 1888, and that George W. Lukens succeeded to the title as her heir. The lien was originally filed against Charles Lukens; the petition avers that " the lien was filed against a person who was not the registered owner of said property," but it does not assert that the registered owner was not made a party to the proceedings under the lien. The petition does not state in explicit terms in what name the property was at that time registered, yet the only inference that could be drawn from what it does assert is that the registered owner was Eliza Lukens. The Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, impose a positive duty upon lot owners in the city of Philadelphia " to furnish, forthwith, descriptions of their property to the chief engineer and surveyor to aid him in making up the books of plans." No property which has been so returned " shall be subject to sale, for taxes, or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner, as returned, and after recovery by suit and service of the writ on him, made as in case of a summons." The purpose of this legislation was to protect owners who had registered their titles from loss of their property by a sale under a proceeding in rem, and without service of personal process. The acts do not make invalid liens filed against property in the name of another than the registered owner, but before the lien can be effectively enforced by a sale of the property the owner, if he has registered his title, must be made a party to the proceeding and the property must be sold in his name. When the real owner is made a party to the proceeding and service of the writ is made on him, his title becomes bound, without regard to who the registered owner may be: Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. The petition asserted that Eliza Lukens was the owner; the record shows that she had been made a party to the proceeding and accepted service of the scire facias; if there was any defense to the lien growing out of the character of the property that was the time to assert it. When judgment was entered upon the scire facias the liability of the title of Eliza Lukens, and those who claim under her, for this lien was settled. Even if this was rural property, the water pipe may have been laid at the special instance and request of Eliza Lukens, or she may have agreed to waive any objection

growing out of the character of the land, to the right of the city to file a lien.

The appellants took testimony under their rule and offered in evidence a certificate of the registry bureau of the city of Philadelphia, showing that there had been registered on May 15, 1874, twelve days before this lien was filed, a deed for this property, dated April 1, 1872, from Charles Lukens, and Eliza, his wife, to George W. Lukens. The deed to which this certificate referred was also offered in evidence. This deed was upon its face an absolute conveyance of the property in question. If it had been delivered to the grantee and the latter had never executed a reconveyance to Eliza Lukens, then the appellants had made a mistake when in their petition they averred that the latter was the owner of the property at the time the lien was filed and so continued down until 1888. The appellants did not, however, attempt to amend their petition. The contradiction between the evidence referred to and the petition verified by affidavit, upon which the appellants based their alleged right to have the judgment opened, may be apparent rather then real. The registering and recording of the deed was evidence that it was delivered to the grantee, but not conclusive of the fact. The deed may never have been delivered, or it may have been accompanied by a defeasance, of record or not of record, which reduced it to a mere security for the payment of money. George W. Lukens may have reconveyed the property to his mother. The allegations and evidence submitted to the court below did not clearly establish the right of the petitioners to have the judgment opened. The burden was upon the appellants to establish their right to the equitable relief prayed for: Philadelphia v. Browning, 13 Pa. Superior Ct. 164: Philadelphia v. Reeves, 15 Pa. Superior Ct. 535; Philadelphia v. Kates, 150 Pa. 30. This was an appeal to the equitable discretion of a chancellor and there is nothing before us to show that that discretion was not properly exercised: Philadelphia v. Unknown Owner, 148 Pa. 536: Philadelphia v. Kester, 149 Pa. 22.

Judgment affirmed.